CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
June 11, 2024
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

VIRGINIA STATE CONFERENCE NAACP; HEATHER BROWN on behalf of B.B, a minor; KIM WALLACE CARTER on behalf of A.C., a minor; KAY DOE and EDWARD DOE on behalf of D.D and J.D., minors; MARY JOHNSON on behalf of A.J., a minor.

Plaintiffs,

v.

COUNTY SCHOOL BOARD OF SHENANDOAH COUNTY,

Defendant.

Case No. 5:24-cv-00040

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO FILE PSEUDONYMOUSLY

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO FILE PSEUDONYMOUSLY**

## I. BACKGROUND

This lawsuit challenges Defendant Shenandoah County School Board's ("School Board" or the "Board") recent reaffirmation of the original names assigned to two public schools to honor Confederate generals. The Plaintiffs include students attending the two public schools at issue, along with their parents (the "Individual Plaintiffs"), as well as the Virginia State Conference of the NAACP. Plaintiffs seek a declaration that Defendant has violated the First Amendment; the Equal Protection Clause of the Fourteenth Amendment; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq; and the Equal Educational Opportunities Act, 20 U.S.C. §§ 1701–1758, by reinstating the school names Stonewall Jackson High School and Ashby Lee Elementary School, and the team name/mascot the "Generals." Plaintiffs seek injunctive relief, including requiring Defendant to remove the Confederate names and mascots.

Due to the young age of the minor student Plaintiffs involved, the history of harassment and violence against advocates of abandoning government-sanctioned tributes to the Confederacy, the publicity surrounding Defendant School Board's actions, the recognition by multiple members of Defendant School Board of "threat[s]" and "fear of repercussions" that have previously been experienced by members in the community in connection with the very school naming decisions as issue in this case, and the animus expressed by members of the public regarding this case, some Individual Plaintiffs request an order permitting them to proceed under a pseudonym.

## II. ARGUMENT

Although there is a "general presumption of openness of judicial proceedings," *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), the Fourth Circuit has held that under appropriate circumstances, the presumption of openness—including using parties' real names—"should yield in deference to sufficiently pressing needs for party . . . anonymity." *Id*. at 242.

In order to assess whether plaintiffs should be allowed to proceed anonymously, courts must determine whether the plaintiff has a "substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 727 (W.D. Va. 2012). The Fourth Circuit requires the court to evaluate requests to proceed anonymously based on the non-exhaustive list of factors set out in *James*, 6 F.3d at 238:

> [1] "[W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

These factors were later codified by the Virginia Legislature. Va. Ann. Code § 8.01-15.1. A case need not meet all five factors in order to justify anonymity. *See Nelson v. Green*, 2007 WL 984127 (W.D. Va. 2007). And because the *James* factors are non- exhaustive, courts in this circuit may also consider factors from other circuits to give context to the tests. *See Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016) (citing *James*, 6 F.3d at 238) ("Not all of these factors may be relevant to a given case, and there may be others that are.").

Although the minor Plaintiffs are protected by the Federal Rules of Civil Procedure and permitted to proceed using their initials, Fed. R. Civ. P. 5.2(a)(3), six Plaintiffs here seek to proceed using pseudonyms to protect their identity: parent Plaintiffs Kay Doe and Edward Doe and their minor children, D.D and J.D., and parent Plaintiff Mary Johnson and her minor child, A.J. As discussed below, the *James* factors weigh heavily in favor of granting the motion not only for the minor Plaintiffs, but also their parents who bring the claims on their behalf, because identifying the parents would effectively identify the minors.

**A. Individual Plaintiffs Should be Granted Leave to Proceed Pseudonymously**

Individual Plaintiffs move for permission to proceed pseudonymously to protect their privacy interests and to protect them from retaliatory harm because proceeding using their names or initials will identify them in the small community involved— the schools they attend where their class sizes are around 100 students or fewer. Each of the *James* factors support the minor Plaintiff's request to use pseudonyms. *See James*, 6 F.3d at 238. In addition, because the identity of the minor Plaintiffs would be readily ascertainable if their parents were required to proceed under their real names, all the same reasons to protect the anonymity of the minors apply to the parents asserting the claims on their behalf as well.

### 1. The Age of the Minor Plaintiffs Strongly Counsels for Anonymity for Individual Plaintiffs.

The minor Plaintiffs' ages, which range from age ten to age sixteen—weigh heavily in favor of anonymity. The privacy of minor children is considered an "especially persuasive" factor given the "special vulnerability" of children. *Doe v. Stegall*, 653 F.2d 180, 186. This is further bolstered by state and federal rules and statutes protecting child-litigants from public disclosure. *Id*; FRCP 5.2(a)(3). The Federal Rules already provide the minor children the protection of anonymity through the use of initials. Fed. R. Civ. P. 5.2(a)(3). Plaintiffs are seeking additional anonymity, however, given the small community of which Plaintiffs are part.

Two of the Plaintiffs attend the Massanutten Regional Governor's School, which has a total of only 78 students.[1] The remaining students are members of school classes which had just over 100 students in the past academic school year.[2] If these minor Plaintiffs were required to proceed using their initials, they would be easily identifiable within these small class sizes, and the aim of the Federal Rules to protect the anonymity of vulnerable minors would be foiled.

Similarly, the parent Plaintiffs are bringing this matter as next friends of their minor children. Given the small community, any protection of the minor Plaintiff's would evaporate if their parents were required to proceed using their real names. As such, pseudonymity for the parents in this case will protect their minor children consistent with the intent of the Federal Rules. *See J.W. v. Dist. Of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016) (noting that when a parent files on behalf of a child who wishes to stay anonymous, their "privacy interests are intractably intertwined").

---

[1] The Massanutten Regional Governor's School Recruitment 2023, https://drive.google.com/file/d/1AUtARGNDG0lUBBrYNd1c6VdfrOrESfzv/view?pli=1.

[2] Va. Dep't of Ed., *Honey Run Elementary Quality Profile*, available at https://schoolquality.virginia.gov/schools/honey-run-elementary#fndtn-desktopTabs-enrollment; Va. Dep't of Ed., *North Fork Middle Quality Profile*, available at https://schoolquality.virginia.gov/schools/north-fork-middle#fndtn-desktopTabs-enrollment; Va. Dep't of Ed., *Mountain View High Quality Profile*, available at https://schoolquality.virginia.gov/schools/mountain-view-high-2#fndtn-desktopTabs-enrollment.

**2. As Has Been Recognized by Members of Defendant School Board, Plaintiffs Are Vulnerable to Threats and Retaliation If Identified.**

Pseudonyms are necessary to protect the Individual Plaintiffs from potential retaliation and threats from members of the community public who are fervently supportive of the Confederate school names.

In recent years, public debate regarding whether to maintain modern tributes to Confederate history has generated extreme, and even violent, reactions and divisions across the country and in Virginia. One of the most notorious examples occurred just an hour from the Shenandoah schools at issue. In 2017, one individual was killed and dozens were injured by a protester participating in the now-infamous Unite the Right rally in Charlottesville.[3] The rally was organized around opposition to the removal of a statue of Confederate General Robert E. Lee, in honor of whom Defendant School Board just renamed one of the two schools at issue in this case. Although ongoing reverence for the Confederacy is a national issue, it is particularly salient in Virginia, the former seat of the Confederate capitol. The fervency with which pro-Confederate views are held in the Commonwealth, and more specifically in the Shenandoah County community, make an otherwise divisive and sensitive issue even more likely to prompt retaliation.

The hostility surrounding a topic can justify anonymity where the hostility can reasonably be expected to prompt harassment and other retaliation against Plaintiffs. *See Stegall*, 653 F.2d at 186 ("Evidence on the record indicates that the Does may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed to a Rankin County community hostile to the viewpoint reflected in plaintiffs' complaint."). Similar controversial issues, such as birth control, abortion, illegitimacy, HIV infection, and homosexuality, have been found by many courts to

[3] Joe Heim, Devlin Barrett & Hannah Natanson, *Man Accused of Driving into Crowd at Charlottesville 'Unite the Right' Rally Charged with Federal Hate Crimes*, Wash. Post (June 27, 2018), https://www.washingtonpost.com/local/man-accused-of-driving-into-crowd-at-unite-the-right-rally-charged-with-federal-hate-crimes/2018/06/27/09cdce3a-7a20-11e8-80be-6d32e182a3bc_story html.

justify anonymity. *See Patient v. Corbin,* 37 F. Supp. 2d 433 (E.D. Va. 1998); *Doe v. Commonwealth's Attorney for City of Richmond*, 403 F. Supp. 1199 (E.D. Va.1975) (homosexual activity); *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D. Mont. 1974) (abortion); *Doe v. Gillman*, 347 F. Supp. 483 (N.D. Iowa 1972) (involving a child born out of wedlock).

The families that bring today's complaint do so to vindicate their constitutional rights, but are nevertheless taking a bold a step to oppose Defendant School Board's actions. The Confederate school names have been zealously defended by some supporters and the discourse has already discouraged some from merely voicing their opposition to the Confederate names. By filing this action, the Individual Plaintiffs today take a much more significant step to right this ongoing wrong, but they do so at the risk of peril to themselves and their families.

Here, the risks that the Individual Plaintiffs will be subject to retaliation or even violence have been explicitly recognized by members of Defendant School Board. At a meeting of Defendant School Board on June 19, 2022, during a discussion of reaffirming the school names at issue, one School Board member recognized that people in the community opposed to the Confederate school names faced intimidation if they choose to speak up: "Lots of people feel this way but don't want to say it because of how the people acted the last time. The people that want to keep the names of Ashby Lee and Stonewall Jackson were very threatening to the people that did not want to change back." Shenandoah Cnty. Sch. Bd. Meeting (Jun. 9, 2022).

At the same meeting, another School Board member shared similar sentiments:

> We have people who have been very public with their input by coming here and speaking but we also have had people whisper to us because they have seen the backlash. There have been town government employees, county government employees, heads of non-profits, and heads of businesses who won't say anything publicly because they fear the repercussions to their livelihood. I know people get frustrated when I talk about the silent majority, but there are those who are not comfortable speaking up. *Id*.

Likewise, today, Plaintiffs risk facing threats and retaliation for their part in challenging Defendant School Board's actions, and of course, Minor Plaintiffs who are students at these schools and who oppose the Confederate school names are not immune from such intimidation and backlash. Indeed, children are particularly vulnerable to the risk of retaliatory physical or mental harm, especially where they are challenging the leaders of the schools they attend. The risk of retaliation is further heightened here where these Plaintiffs are opposing the engrained pro-Confederacy culture espoused by some members of their community, including their peers, as well as school faculty and staff or other adults with whom they have no choice but to interact.

The "special status and vulnerability of the child-litigants" is further relevant with respect to possible harms. *See Stegall*, 653 F.2d at 186. Among the psychological risks for children is the risk of "serious social ostracization." *See id*. Minor plaintiffs in *Stegall* challenged prayer and Bible reading exercises in schools, which the court found risked severe consequences if anonymity was not permitted due to "militant religious attitudes." *Id*. Here, the issues underlying this case, primarily maintaining reverence for and primacy of the Confederacy despite its deep connection to pro-slavery and racist attitudes—stir similar "militant" beliefs as those in *Stegall*. Thus, as in *Stegall*, in the face of the privacy interests and harm risks of the minor Plaintiffs, "disclosure must give way." *Id*.

**3. Defendant School Board is a Governmental Entity for Which There Is Little Risk of Unfairness if Minor Plaintiffs Proceed Pseudonymously.**

The fourth and fifth *James* factors also support Plaintiff's request to proceed pseudonymously because Defendant School Board is a governmental entity whichwill not sufferer unfairness from the use of pseudonyms in a case that challenges the constitutionality of Defendant School Board's actions that broadly affect students attending the schools at issue.

Courts are more inclined to permit a plaintiff to proceed pseudonymously "when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe v.*

*Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004) (citing *Southern Methodist University Association of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir.1979). An action challenging the constitutional validity of government activity generally "involves no injury to the Government's 'reputation," unlike suits filed against private parties, which "may damage their good names and result in economic harm." *Wynne & Jaffe*, 599 F.2d at 713. Here, because Plaintiffs are suing their local School Board, a governmental entity, there is no heightened risk of damage to the defendant's reputation or livelihood, as there would be if defendants were private parties.

The public interest is also not harmed by allowing Plaintiffs to proceed anonymously. The issues that Plaintiffs raise in this litigation are important ones and may well be a matter of concern to the general public, but that is not true of the *identity* of each of the individual Plaintiffs: "[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1068–69 (9th Cir. 2000) (quoting *Stegall*, 653 F.2d at 185). Indeed, courts have found that any risk of unfairness to as a consequence of allowing a plaintiff to proceed anonymously is minimized when the issues raised a "do not depend on identifying the specific parties." *See Doe v. Alaska,* No. 96–35873, 1997 WL 547941, at *1 (9th Cir. Sept. 2, 1997). Where, as in this case, the issues presented are "purely legal," the public has "an atypically weak" interest in knowing Plaintiffs' identities. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008); *see also Doe v. City of Apple Valley*, No. 20-CV-499 (PJS/DTS), 2020 WL 1061442, at *2 (D. Minn. Mar. 5, 2020) (explaining that in cases that are "largely legal in nature . . . knowing the Plaintiffs' identities lends little to the public's ability to follow the proceedings or understand the disposition of the case") (citation omitted). In light of the nature of the allegations in the instant case, neither Defendant School Board nor the public will not be prejudiced by Individual Plaintiffs proceeding pseudonymously.

Under this Circuit's precedent in *James*, these Plaintiffs have demonstrated significant privacy interests, a risk of retaliation and harassment if their names were exposed, and that there is no prejudice to Defendants nor public interest in their identities. Therefore, Plaintiffs should be allowed to proceed anonymously.

## III. CONCLUSION

The individual Plaintiffs in this case should not be forced to choose between vindicating their constitutional rights and abandoning them to protect themselves and their families from harm and harassment, particularly where there is no threat to the public's interest or risk of unfair prejudice to Defendant. Accordingly, minor Plaintiffs D.D., J.D., and A.J., and parent Plaintiffs Kay Doe, Edward Doe, and Mary Johnson, respectfully request this Court grant their motion to proceed pseudonymously.[4]

Dated: June 11, 2024

Respectfully submitted,

/s/ ***Kaitlin Banner***
Kaitlin Banner (DC Bar #1000436)
Marja Plater (DC Bar #90002586)
Ryan Downer (DC Bar # 1013470)
(*pro hac vice* applications forthcoming)
Washington Lawyers' Committee
for Civil Rights and Urban Affairs
700 14th Street, NW, Suite 400
Washington, DC 20005
kaitlin_banner@washlaw.org

/s/ ***Kendall T. Burchard***
Kendall T. Burchard (VA Bar #95710)
Jason C. Raofield (DC Bar #463877)
Ashley Joyner Chavous (DC Bar #1013097)
Li Reed (DC Bar #90018796)
Elizabeth Upton (DC Bar #1031985)
Stephanie Nnadi (DC Bar #90007365)
Cara E. Souto (DC Bar #90018434)
(*pro hac vice* applications forthcoming)
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-6000
kburchard@cov.com

[4] Should the Court deny this motion, Plaintiffs respectfully request that the Court not immediately order the filing of the Complaint or this supporting memorandum without pseudonyms. This critical protection will afford Plaintiffs the opportunity to consider whether they are each willing to undertake the risks of public association with this litigation.