IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| VIRGINIA STATE CONFERENCE NAACP et al., | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) Case No. 5:24-cv-040 |
| COUNTY SCHOOL BOARD OF SHENANDOAH COUNTY, | )<br>) By: Michael F. Urbanski<br>) Senior United States District Judge |
| Defendant. | )<br>)<br>) |

CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

JAN 22 2025

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

## MEMORANDUM OPINION

The matter is before the court on plaintiffs' motion to file pseudonymously. ECF No. 2. Plaintiffs in this case include associational plaintiff Virginia State Conference NAACP and parents of children who attend or will attend Stonewall Jackson High School and Ashby Lee Elementary School. While some of these parents and their children are comfortable proceeding publicly under their own names, six individuals seek to proceed using pseudonyms: parent plaintiffs Kay Doe and Edward Doe and their minor children, D.D. and J.D., and parent plaintiff Mary Johnson and her minor child, A.J. Defendant County School Board of Shenandoah County opposes plaintiffs' motion. ECF No. 36.

### I. BACKGROUND

This matter concerns defendant County School Board of Shenandoah County's 2024 decision to reinstate the names Stonewall Jackson High School and Ashby Lee Elementary School. Compl., ECF No. 1. The School Board had previously decided in 2020-2021 to retire these names because they referred to leaders of the Confederacy, and for several years, the

1

schools operated as Mountain View High School and Honey Run Elementary School. Id. ¶¶ 6-7. Plaintiffs challenge the School Board's 2024 decision under the First Amendment, Fourteenth Amendment, Title VI of the Civil Rights Act of 1964, and the Equal Educational Opportunities Act, seeking declaratory and injunctive relief as well as attorney fees and litigation costs. Id. ¶ 14.

Plaintiffs seek to use pseudonyms for Kay Doe and Edward Doe and their minor children, D.D. and J.D., and Mary Johnson and her minor child, A.J., in order to protect the identities of the minors. Mem. Supp. Mot. File Pseudonymously, ECF No. 3 at 2. Plaintiffs argue that the parents' identities should also be protected "because identifying the parents would effectively identify the minors." Id. at 3. Plaintiffs also note the public controversy over the Confederate school names at issue in this case, including "the recognition by multiple members of Defendant School Board of 'threat[s]' and 'fear of repercussions' that have previously been experienced by members of the community." Id. at 2. The School Board does not dispute that D.D., J.D., and A.J. should be allowed to remain anonymous. Resp. Mot. File Pseudonymously, ECF No. 36 at 1. However, the School Board argues that the identities of parent plaintiffs Kay Doe, Edward Doe, and Mary Johnson need not be concealed. Id.

## II. STANDARD OF REVIEW

The test for whether a plaintiff may proceed pseudonymously is whether the plaintiff "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992) (quoting Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)). Public access to a plaintiff's name "is more than a customary procedural formality; First

Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." Stegall, 653 F.2d at 185. It is the exceptional case in which a court allows a party to proceed anonymously. James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit advises that "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Doe v. Pub. Citizen, 749 F.3d 246, 274 (4th Cir. 2014).

Allowing a party to proceed anonymously is a discretionary determination made by the trial court. In James v. Jacobson, the Fourth Circuit set out five factors for courts to consider when deciding whether to allow a party to proceed anonymously:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, relatedly, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

6 F.3d at 238 (internal citations omitted). "Not all of these factors may be relevant to a given case, and there may be others that are." Doe v. Virginia Polytechnic Inst. & State Univ., No. 7:19-cv-249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020). The privacy of minors under the third James factor is considered "especially persuasive" due to the "special vulnerability" of children. Stegall, 653 F.2d at 186.

3

### III. ANALYSIS

Plaintiffs' motion to file pseudonymously should be granted in order to protect the identities of D.D., J.D., and A.J., whose ages range from nine to sixteen. Compl., ECF No. 1, ¶¶ 21, 25. Although the privacy of minors is typically protected by Federal Rule of Civil Procedure 5.2(a)(3), which allows minor litigants to be named by their initials, plaintiffs here argue that using the minors' actual initials, rather than Doe initials, will not suffice to protect their privacy in light of the small size of the Shenandoah County school system. Mem. Supp. Mot. File Pseudonymously, ECF No. 3 at 4. Because the Massanutten Regional Governor's School has a mere 78 students and the classes at Ashby Lee Elementary School and Stonewall Jackson High School comprise around 100 students each, id., the court agrees that using actual initials would make plaintiffs easily identifiable.

Identifying the parent plaintiffs by name would similarly render minor plaintiffs immediately identifiable. See J.W. v. District of Columbia, 318 F.R.D. 196, 199 (D.D.C. 2016) (noting that when a parent files on behalf of a child who wishes to stay anonymous, their "privacy interests are intractably intertwined"). Where courts find that the "release of parents' full names . . . could permit the public to easily learn the [minor child] student's identity, despite the use of [the child's] initials," courts favor anonymity. Id. at 201 (granting plaintiff parents' motion to proceed pseudonymously in conjunction with minor children). Thus, the third James factor strongly counsels in favor of pseudonymity.

Defendant argues that because the other parents in this case, Heather Brown and Kim Wallace Carter, have not asked to proceed pseudonymously, this court should deny the motion of those parents who do wish to proceed pseudonymously. Resp. Mot. File Pseudonymously,

4

ECF No. 36 at 1. However, it is unextraordinary that different plaintiffs have different levels of risk aversion, and Brown's and Carter's children have themselves accepted the risk of proceeding with their actual initials, rather than Doe initials. Courts routinely allow some plaintiffs but not others in the same case to proceed pseudonymously. See, e.g., Doe v. Irwin, 615 F.2d 1162 (6th Cir. 1980) (plaintiffs including John Doe, Jane Doe, and named individuals). Thus, the third James factor favors pseudonymity for those parents and children here who have requested it.

The third James factor is decisive in this case. As for the remaining factors, the first James factor is neutral. Although this case does not entail facts of a "sensitive and highly personal nature," like those concerning medical information or sexual assault, this is not a case where plaintiffs are requesting pseudonymity "merely to avoid the annoyance and criticism that may attend any litigation." James, 6 F.3d at 238. The second James factor, which considers the risk of retaliation, weighs somewhat in favor of pseudonymity because plaintiffs have pointed to concrete bases for fearing retaliation and because children are particularly vulnerable to retaliation.[1] Stegall, 653 F.2d at 186. The fourth James factor is neutral as the fact that the defendant here is a governmental entity makes this case an object of potential public interest but also eliminates fairness concerns. Compare Pub. Citizen, 749 F.3d at 274 ("[T]he public interest in the underlying litigation is especially compelling given that Company Doe sued a federal agency.") with Yacovelli v. Moeser, No. 1:02-cv-596, 2004 WL 1144183,

---

[1] To substantiate the risk of retaliation, plaintiffs point to the 2017 Unite the Right rally in Charlottesville as evidence of the risk of physical harm that attaches to public vitriol over the removal of symbols honoring Confederate leaders like Robert E. Lee. Mem. Supp. Mot. File Pseudonymously, ECF No. 3 at 5. Plaintiffs also argue that members of the School Board acknowledged at a 2022 meeting that "[t]he people that want to keep the names of Ashby Lee and Stonewall Jackson were very threatening to the people that did not want to change back." Compl., ECF No. 1, ¶ 107.

5

at *8 (M.D.N.C. May 20, 2004) (citing Doe v. Harlan Cnty. Indep. Sch. Dist., 96 F. Supp. 2d 667, 671 (E.D. Ky. 2000)) ("When a plaintiff challenges the government or government activity, courts are more likely to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing."). Finally, the fifth James factor supports pseudonymity because there is no risk of unfairness to the School Board from allowing half of the plaintiffs here to remain anonymous while the other half proceed under their real names and initials. Because plaintiffs seek declaratory and injunctive relief that would apply to the community at large, the issues "do not depend on identifying the specific parties." See Doe v. Alaska, No. 96-35873, 1997 WL 547941, at *1 (9th Cir. Sept. 2, 1997); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 190 (2d Cir. 2008).

## IV. CONCLUSION

Thus, because revealing their parents' identities would likely reveal the identities of D.D., J.D., and A.J., plaintiffs' motion to file pseudonymously is **GRANTED**.

An appropriate order will be entered.

Entered: January 22, 2025

Michael F. Urbanski
Senior United States District Judge