Virginia State Conference NAACP, et al. vs.                1
County School Board of Shenandoah County - 3/12/25

                 IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF VIRGINIA
                        HARRISONBURG DIVISION



************************************************************
**VIRGINIA STATE CONFERENCE NAACP,**
et al.,
                                    **CASE NO.:  5:24-CV-00040**
                                    March 12, 2025
                                    Roanoke, Virginia
              Plaintiffs,           **Status Conference** -
                                    (Videoconference)
        vs.

**COUNTY SCHOOL BOARD OF**          Before:
**SHENANDOAH COUNTY,**              HONORABLE MICHAEL F. URBANSKI
                                    UNITED STATES DISTRICT JUDGE
              Defendant.            WESTERN DISTRICT OF VIRGINIA

************************************************************


APPEARANCES:

For the Plaintiffs:

**JASON C. RAOFIELD**          **KAITLIN BANNER**
**ASHLEY JOYNER CHAVOUS**      **MARJA PLATER**
Covington & Burling LLP   Washington Lawyers' Committee for
3577 Texas Avenue SE      Civil Rights
Washington, DC  20020     700 14th Street NW, Ste 400
202-662-5579              Washington, DC  20005
jraofield@cov.com         202-319-1000
achavous@cov.com          kaitlin_banner@washlaw.org
                          marja_plater@washlaw.org

jimg@guynnwaddell.com
johnf@guynnwaddell.com

_____
                 Mary J. Butenschoen, RPR, CRR
                210 Franklin Road, S.W., Room 540
                   Roanoke, Virginia  24011
                   540-857-5100, Ext. 5312

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY; TRANSCRIPT
PRODUCED BY COMPUTER.

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 2 of 38
Pageid#: 388
Virginia State Conference NAACP, et al. vs.                2
County School Board of Shenandoah County - 3/12/25

APPEARANCES (Continued):

For the Defendant:

**JIM H. GUYNN, JR.**
**JOHN RICHARD FITZGERALD**
Guynn Waddell, PC
415 s. College Avenue
Salem, VA  24153
540-387-2320
jimg@guynnwaddell.com
johnf@guynnwaddell.com

* * * * *

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 3 of 38
Pageid#: 389
Virginia State Conference NAACP, et al. vs.            3
County School Board of Shenandoah County - 3/12/25

(Proceedings commenced 2:02 p.m.)

THE COURT:  Good afternoon.  Ask the clerk to call the case.

THE CLERK:  Okay.  This is the *Virginia State Conference NAACP* and others v. *County School Board of Shenandoah County*.  Civil Action Number 5:24-CV-40.

THE COURT:  Okay.  Good afternoon, folks.  I think the parties requested to speak with the Court.  This case is set for trial I think in July.  Yeah, the last week in June, June the 30th through July the 3rd.

So what can I do for you-all?

MR. GUYNN:  This is Jim Guynn, Your Honor.

Back when we argued the case and we set it in July, I think the Court, as I recall, was saying that, depending upon when the opinion came out, that that would have a lot to do with whether or not the trial date would remain.  And our concern is, frankly, that we can't be ready by July.

THE COURT:  Well, the opinion came out six weeks ago, and I ordered you-all to mediation.  And you don't even -- you don't have a mediation date for another six weeks.  So I'm kind of wondering "what's the holdup?"  I mean, it seems to me a July 22 -- or a June 30 trial date gives you plenty of time. It's not like there's a lot of issues in this case.

You know, the First Amendment issue is pretty cut and dried.  I don't know how much discovery is needed there.  And

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 4 of 38
Pageid#: 390
Virginia State Conference NAACP, et al. vs.          4
County School Board of Shenandoah County - 3/12/25

the other issue, the Fourteenth Amendment claim, I just -- you know, there's some discovery that would need intent.  You'd have to, you know, take some depositions of the School Board members or the -- and, you know, get their cell phones and see what they were saying.  But I don't see why this case would take very long to get ready for trial.

MR. GUYNN:  Well, we received -- we started discovery, Your Honor.  We've done disclosures.  And so far the discovery that we're working on responding to with defendants, we're talking thousands of documents.

THE COURT:  Well, it wouldn't surprise me that they want -- since intent is an issue in the Fourteenth Amendment claim, that they would want lots of communications involving the School Board folks and the folks who were involved in this process.  So, you know, but -- but the fact of the matter is it's March the 12th, my opinion was issued on January the 22nd, and the trial is not till June 30.  So it seems to me you've got plenty of time to get ready for the trial.

I wanted -- you know, I fully intended when I entered my order for you-all to get together to try and mediate this case.  But I don't know why it's taken you-all three months to -- I mean, January to February, February to March, March to April, three months to get a date to mediate it.  Judge Hoppe has got more dates available than that.  It must be the parties.

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 5 of 38
Pageid#: 391
Virginia State Conference NAACP, et al. vs.                5
County School Board of Shenandoah County - 3/12/25

So I don't see why we should -- and the thing that worries me is we push this case into another school year.  The reason why this case is set for trial in the summer is so I can decide this case this summer and these students can -- and these parents can have some -- and the school can have some certainty going into the new school year as to what's going on. We push this trial, we're pushing another whole school year, and so I'm -- I'm not willing to do that.

MR. GUYNN:  Well, I mean, you know, I think when you match up -- as far as the Judge Hoppe situation is concerned, Your Honor, matching up everybody's schedule has been -- I mean, we're doing it as quickly as we can.  You know --

THE COURT:  Well, you know, this case probably involves depositions of half a dozen people.  And I just don't see why it can't be done in the time it's set for, especially when you factor in that, when this case was set for trial, it was done deliberately to get it done in the summer so that we wouldn't have to go into another school year.  The problem is, if we delay it, it goes into another school year.  I don't -- and frankly, I don't know that I have trial dates, any other trial dates, in the rest of 2025.  So we're looking into 2026. I just -- you know, I'm not hearing a good enough reason to continue the case.

Maybe I need to hear from the plaintiffs.

MR. RAOFIELD:  Yes, Your Honor.  So Jason Raofield

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 6 of 38
Pageid#: 392
Virginia State Conference NAACP, et al. vs.          6
County School Board of Shenandoah County - 3/12/25

for the plaintiffs.

I hear everything the Court is saying.  We are interested in moving expeditiously.  We do view this as an ongoing constitutional right violation.  I don't want to appear defensive, but I will say that we have the burden of proof, and we want to make sure that we're prepared to meet the burden of proof.  And we did ask to begin discovery in the fall.  It was on balance decided that that wasn't the right course of action, to wait until we got the motion to dismiss, and we did that.

I want to be clear about one thing, Your Honor, which is that, from our point of view, we have every interest to move expeditiously, as one would expect.  We do think that the parties have been working together in good faith.  I understand that that's not quick enough in the Court's view.  We -- we -- we -- for example, we served document requests, and then the parties did not wait until the day the document requests are due to figure out what the problems were to meet and confer.  The due date is today.

Two weeks ago we had a meet and confer to begin that process, and we resolved some issues; and other issues are being resolved as we speak, but it involves technology and search terms.  Not making excuses, but the parties have been working towards --

THE COURT:  No, I would think that given the -- I mean, the -- First Amendment claim not so much, but given the

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 7 of 38
Pageid#: 393
Virginia State Conference NAACP, et al. vs.                7
County School Board of Shenandoah County - 3/12/25

Fourteenth Amendment claim, you know, I would think there would be a lot of electronic discovery that would be -- that would be at issue, right?  Because -- because intent is an issue.

MR. RAOFIELD:  Of course.  And document -- their first -- we have not gotten any evidence yet, Your Honor. Their responses to the document requests are due today.  They told us that they will begin producing documents tonight but are still in the process of figuring out other issues.  So the -- you know, we --

THE COURT:  What about all these kids?  Your claim is that these people -- that these children and these parents' constitutional rights are violated by being subjected to wearing school uniforms and walking into a school with these -- these names on them, right?  Okay?  That's your claim.

So why are you interested in one day of delay?  Why do you want to push this to a new school year?

MR. RAOFIELD:  We don't.  We don't.  What we want to do, though, is make sure we have the evidence.

I'll be honest, Your Honor.  I agree -- in our view, we actually think that one of the ways that this is likely to get resolved, and I understand Mr. Guynn is not going to have the same view, is we believe that, particularly with regards to the compelled speech claim, we think that will be susceptible to resolution on summary judgement.

THE COURT:  Well, and, you know, I was thinking about

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 8 of 38
Pageid#: 394
Virginia State Conference NAACP, et al. vs.          8
County School Board of Shenandoah County - 3/12/25

that today, too, Mr. Raofield.  That, you know, when I first got this case, I was thinking, well, how can -- how can this case be, you know?  Lots of things are named after Confederate generals.  But boy, that compelled speech First Amendment claim is a powerful claim.  And sure, there will have to be some facts to shake out to see whether it's got legs or not.

As I recall, Mr. Guynn may make the argument, because I think he argued at motion to dismiss stage, that it's not compelled speech because it just says "generals" on it.  It doesn't say "Jackson" or "Lee," right?  Okay.  Well, we'll have to sort that out, you know.

But this compelled speech claim, to me, is a fascinating one.  And the interplay of the First Amendment here, especially when you look at -- when you look at Mr. Justice Jackson's case out of West Virginia from, you know, 70 years ago where he talked about the -- the Pledge of Allegiance.  Wow!  That's precedence that's been around a long time.

So I don't disagree with you, Mr. Raofield, that that First Amendment claim may be more susceptible to a Rule 56 analysis than the Fourteenth Amendment claim because of the issue of intent, right?  I mean, intent may be more -- there may -- it may be more factually driven.  But, you know, I don't know -- so this compulsion claim, it is a -- it's just -- when I first got this case -- it got transferred to me, right?  It

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 9 of 38
Pageid#: 395
Virginia State Conference NAACP, et al. vs.                    9
County School Board of Shenandoah County - 3/12/25

wasn't assigned to me.  It got transferred to me.  When it first came to me, I was just sort of thinking about it.  And then when I read all the pleadings, I looked at, wow, this First Amendment claim is something that I just had not thought about before.  I hadn't put -- I hadn't put the naming of a school together with compelled speech claim.  And I think it's -- it depends on how the facts shake out, obviously, and I don't know what Mr. Guynn is going to prove there, but that claim is -- is really interesting.  I mean, really interesting. And I think because of the absence of an intent issue may give -- may be more subject to the Court's analysis under Rule 56 than it would be the Fourteenth Amendment.

So all right.  Let me just throw another little issue in here while we're talking about it.  The defendants just filed a motion for -- to have the case heard by a jury.  I'm not so sure that that's well-taken.  I've been looking at some case law.  You know, the -- the claim is for injunctive relief. Declaratory and injunctive relief.  And, sure, you're not entitled to a jury for injunctive relief.  You're just not. It's an equitable remedy.

So the question becomes whether you're entitled to a claim -- whether you're -- whether the defendants are entitled to a jury trial for the declaratory relief.  So you look at Rule 57.  I think it's 57 of the Federal Rules of Civil Procedure, and it says:  "These rules govern the procedure for

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 10 of 38
Pageid#: 396
Virginia State Conference NAACP, et al. vs.        10
County School Board of Shenandoah County - 3/12/25

obtaining a declaratory judgment under 28 U.S.C. 2201.  Rules 38 and 39 govern a demand for jury trial."  Okay, well, you look at that and say, "Well, gosh, maybe you can get a jury trial for declaratory relief."

But then you look at the case law.  And I haven't found a Fourth Circuit case because I just started digging into this.  But there's a -- there's a Seventh Circuit case which cites a Third Circuit case and a D.C. Circuit case and a Second Circuit case.  I'm looking at *Marseilles Hydro Power, LLC* out of the Seventh Circuit, 299 F.3d 643, from 2002, where it says, look, you've got to -- you've got to look to the nature of the action.  What are you really seeking here?

And if it's really just -- if the declaratory relief is just another way of seeking injunctive relief, then there's no right to jury trial.  But if it's a -- if it's a declaratory case where it's really the reverse of an action at law, like, you know, you get that a lot, right?  Insurance company will be suing for a declaration of no coverage or something like that.  But it says -- this case is interesting, this *Marseilles Hydro Power* case.  It says, "Despite the equitable origins of such relief, the Supreme Court has said that the actions for declaratory judgments are neither legal nor equitable."  Well, that's a lot of help, right?  And then it says, "Rule 57 of the civil rules provide that the procedure for" -- just what I read.

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 11 of 38
Pageid#: 397
Virginia State Conference NAACP, et al. vs.        11
County School Board of Shenandoah County - 3/12/25

And then it says, "In other words, casting one's suit in the form of a suit for declaratory judgment or adding a claim for declaratory judgment to one's other claims or claims for relief does not create a right to a jury trial.  Rather, as the Third Circuit put it nicely in this *Owens-Illinois* case, 'If the declaratory judgment action does not fit into one of the existing equitable patterns but is essentially an inverted lawsuit -- an action brought by one who would have been a defendant at common law -- then the parties have a right to a jury.  But if the action is the counterpart of a suit in equity, then there is no such right.'"  And it cites a third circuit case and it cites Supreme Court case and it cites a D.C. Circuit case.

So I don't know whether the plaintiffs are going to be agreeing that this should be heard by a jury or not.  I don't know, right?

But to me, I think there's a -- I need to see what the Fourth Circuit says on this issue, okay?  You know, I've just done some preliminary research.  So I'm going to want briefing on the issue of a jury trial, okay?  I just -- I'm just giving you a heads up.  That's something else you have to do.

MR. RAOFIELD:  Could I add, Your Honor?

THE COURT:  Yeah.

MR. RAOFIELD:  The conclusion that that

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 12 of 38
Pageid#: 398
Virginia State Conference NAACP, et al. vs.      12
County School Board of Shenandoah County - 3/12/25

preliminarily, or the sort of what you've all described sounds consistent with what we found with our research so far, we began a meet and confer process yesterday on this.  And we advised counsel for the School Board that we don't think it's proper and that our intention would be to file a motion to strike.  I think we've only got about a week left until that's due, maybe eight days.

We only had a short period of time to discuss it last night, but Mr. Guynn said that he understood our position and would think about it more and that we would talk about it later this week to give us what their position is on that.

So that is one of the issues in this case, Your Honor, that is -- we feel could require motion practice.  Maybe not.  There are other issues as well that we've thought of that we've conferred about that we haven't brought to the Court because we're still in the process of conferring it.  There's a privilege issue involving deliberative process that's not right.  No one has waited to confer about any --

THE COURT:  There is a deliberative process privilege that might be claimed with regard to your discovery efforts?

MR. RAOFIELD:  I don't believe so, but Mr. Guynn told me that that's their position, and it hasn't been asserted yet because we haven't gotten to that point yet.

THE COURT:  Mr. Guynn?

MR. GUYNN:  We think so.

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 13 of 38
Pageid#: 399
Virginia State Conference NAACP, et al. vs.    13
County School Board of Shenandoah County - 3/12/25

THE COURT:  Okay.  I hadn't thought about that, either.  So we at least have -- okay, we at least have you-all getting through the -- through discovery.  And as it sounds like to me, you have not received responses to requests for production yet, right?

MR. RAOFIELD:  No.

THE COURT:  Okay.  What about interrogatories or requests for admissions?

MR. RAOFIELD:  Interrogatories are due March 28, and we've been working on requests for admissions.  There are two issues that I should raise since we're putting everything on the table, Your Honor.

One is that -- and it in my mind sort of relates to the requests for admissions.  Another thing that we've begun to confer between the parties about is that we don't think that their answer is sufficient.  It basically, in our view, denies all of our factual allegations, including in ways that we don't think are proper.  We don't -- I don't want to, you know, sort of prejudice the issue or try to throw Mr. Guynn under the bus.  We started conferring yesterday about that issue, but that's an issue that we think matters.  And we think that this is a case, as it seems Your Honor does, that there are a huge number of things that should not be in dispute, and we should just settle on what are the actual matters in dispute.  And we think RFAs, we're trying to draft those very carefully because we don't

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 14 of 38
Pageid#: 400
Virginia State Conference NAACP, et al. vs.          14
County School Board of Shenandoah County - 3/12/25

want to get into discovery fights over the way they are worded. So we think that that's important.

One other important discovery issue that we have started to talk about and the School Board said that they would get us their position, if not today when their responses are due, then within a couple of days, is documents we've requested are in the possession of the schools, or the school system, or the superintendent.  And we asked them before they even answered or, you know, objected to our document requests, which we'll get today from them, their objections, we said, "We need to know whether your position is going to be that those are not within the possession, custody, or control of the School Board."  So we've started to confer about that.  I -- you know, I'll let them state their position, but I think it's been a cooperative discussion.

So there are, as the Court can see, a number of issues.  Everyone has been talking about these things proactively, not waiting for discovery responses to be due before we start saying, "Well, once you answer this is going to be a problem."

One other thing, Your Honor, before I turn it over, that this conversation makes we wonder about -- and I don't really have a concrete proposal, and we frankly -- I haven't even talked to people on my side about this.  Personally, I believe that as the plaintiff with the burden of proof, and as

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 15 of 38
Pageid#: 401
Virginia State Conference NAACP, et al. vs.    15
County School Board of Shenandoah County - 3/12/25

Your Honor pointed out with intent issues, we have to go get all of this discovery pretty aggressively.  It's almost like a case with, you know, flipside, like two wildly different claims.

The First Amendment claim, I reread yesterday, Your Honor, the motion to dismiss opinion.  You know, my view is it sounds like, to me, that the issue really in the First Amendment claim is whether it's compelled, whether there's compulsion.  That's really the core of the issue.

THE COURT:  That was their argument on the motion to dismiss, that -- that the legal standard requires some sort of punitive action against them.  And my view was -- in the opinion was that it was compelled enough that, you know, based on the fact that if the kids -- if the students couldn't be in the band or on a sports team without wearing these uniforms, that -- that's compulsion because it takes away from them an aspect of their high school experience, or their elementary school experience.

And I -- and I think there was a case -- I can't remember what circuit it was from, but there was a case involving somebody who was in a school play and -- and the student had to say something -- I'm sure my law clerk knows the name of this case.  And it was -- the student was required to use swear words, and the student -- the student wouldn't do it, and so the student got taken out of the play.  And that was --

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 16 of 38
Pageid#: 402
Virginia State Conference NAACP, et al. vs.      16
County School Board of Shenandoah County - 3/12/25

that was deemed to be compulsion in that case. And so -- yeah, Grace -- Grace, my brilliant law clerk, says *Axson-Flynn* out of the Tenth Circuit.

So I really do think -- I think that's where Mr. Guynn argued, mostly, was on compulsion. And A, what's the appropriate standard; and B, do the facts meet it here. And that's kind of where we are, I think, on that First Amendment claim, it's --

Mr. Guynn, do you disagree with that?

MR. GUYNN: No, other than -- no, I don't disagree with that. I think that the facts may not be what are alleged.

THE COURT: Well, you know what? And I don't know, right? You know, all we can do is take the -- all we can do is take the pleadings as they are alleged. The facts may not be as alleged. As I recall, you were holding up some kind of picture from a newspaper account of a football uniform or something, right?

MR. GUYNN: Yeah, there's -- our uniforms don't have, you know, "Stonewall Jackson," you know?

THE COURT: That issue was not before the Court on Rule 12, but it will be before the Court on Rule 56, right?

MR. GUYNN: Yes.

MR. RAOFIELD: Your Honor, the -- when I raised this issue, the -- the point I was going to make is that is a

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 17 of 38
Pageid#: 403
Virginia State Conference NAACP, et al. vs.    17
County School Board of Shenandoah County - 3/12/25

factual one, right? The law is the law. The Court will decide the law. There's been a lot of litigation about that. My -- my view is that it's hard to imagine how there is not a First Amendment compelled speech claim here if there is such a thing as a First Amendment compelled speech claim. But we have to get the facts and we have to present the facts to the Court.

After we served our discovery, even though today is the first day that a single piece of discovery will be due, two weeks ago in a meet and confer I asked counsel -- and counsel was candid with me. I said, "We really need to know soon what is going to be your position on whether there's compulsion. For example, do you allege -- because everything we have and what our students tell us and what the policies say -- for example, this is just one element of compulsion, but as a factual matter you have to wear the uniforms. Are you going to say that the school -- that that's wrong? We have everything we've seen, including the policies and the league rules require uniforms. Students show up to a practice without a uniform, they are not allowed to participate." So we asked that, and they said something about -- I didn't really understand it, but I assume we're going to get documents about it, something about the sports league, maybe, at one point said something.

My point is, Your Honor, that I'm wondering if there's a creative way to structure this case. And the reason I say that is because I'm very concerned about having the

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 18 of 38
Pageid#: 404
Virginia State Conference NAACP, et al. vs.        18
County School Board of Shenandoah County - 3/12/25

burden of proof and rushing through trial in June and not getting through all of these issues that are coming up along the way to get the evidence that we need for the equal protection. But because what I said before is true, which is that we think we could get through very simple discovery on the First Amendment claim, perhaps there's a way to phase the case. To have the First Amendment claim proceed on a very expedited basis so we can get to the court and get resolution on that. At the same time, not a phase where we delay anything, but at the same time that we are pursuing the more burdensome discovery necessary for the compelled speech. Because honestly, the remedy for both claims is identical. We're not seeking any monetary damages. We're not seeking anything except change the name so that the ongoing constitutional violation is ended. And if we are proceeding on the equal protection claim but more quickly are able to get to a resolution on the compelled speech claim, it could end the entire case.

THE COURT: Well, which is why I suggested you-all go to mediation. Because I think creative lawyers representing their clients, understanding what's at stake here, can find a way to -- to craft a resolution of these issues that could resolve the issues. I mean, I -- I really think that there's a real shot in this case at a creative -- a creative, thoughtful, proactive way to address each side's concerns. And so that's

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 19 of 38
Pageid#: 405
Virginia State Conference NAACP, et al. vs.         19
County School Board of Shenandoah County - 3/12/25

why I thought getting in front of Judge Hoppe sooner rather than later made sense. And I'm sorry you-all aren't going to be there until April, but I really think there's an opportunity there.

You know, I had a case years ago in which it was a constitutional claim. It was the hanging of the Ten Commandments in a public school case. And we had arguments. I can't remember what it was on. It may have been on a motion to dismiss. And my colleague, Judge Ballou, worked really hard and came up with a thoughtful, creative way of addressing everyone's concerns and -- and got that case resolved without a lot of ongoing community angst, right?

And there is a fair amount of that in this case in the community. And it would be nice if there -- there would be a way to work together to come up with a solution that takes care of the -- takes care of each side's concerns. And I just -- I don't know whether there is, but I thought we'd send it to mediation sooner rather than later.

So I appreciate, Mr. Raofield and Mr. Guynn, you-all having these extensive meet and confer discussions because I think that kind of thing is, perhaps, a precursor to finding a way to -- to reach a compromise in this case that resolves it. You know, the -- and I'm -- and I'm reminded of the case that my colleague, Bob Payne, had in the Eastern District that was -- in which he denied -- he granted the motion to dismiss,

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 20 of 38
Pageid#: 406
Virginia State Conference NAACP, et al. vs.       20
County School Board of Shenandoah County - 3/12/25

and I distinguished that case in a couple of different respects in my opinion.  But that case went to the Fourth Circuit, and on appeal, and then it was resolved by the -- at mediation.  So I'm encouraged by that.  I'm encourage by that.

MR. RAOFIELD:  I was counsel in that case, Your Honor.

THE COURT:  I'm encouraged by the possibility that that might happen.  I'm a big believer in mediation.

But it does sound to me, Mr. Raofield and Mr. Guynn, that you-all have a bunch of things you've got to do, right?  We -- we have to decide this jury issue, we're going to have Rule 56 issues, and it sounds to me like you-all are going to have some significant discovery issues.  And I take it no depositions yet?  Not even scheduled?

MR. RAOFIELD:  No, Your Honor.

MR. GUYNN:  That's correct.

THE COURT:  Well, you know, I was thinking that we ought to resolve this case in the summer so that it could be orderly for the students.  But I suppose if the decision came down during the school year -- I mean, do you think --

Let me ask the plaintiff's perspective on that.  Would you prefer to have a ruling on this when school is not in session?  And let me -- I'll ask the defendant's perspective, too.  I mean, would you prefer a ruling on this issue, deciding this constitutional issue, during the summer when the school is

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 21 of 38
Pageid#: 407
Virginia State Conference NAACP, et al. vs.       21
County School Board of Shenandoah County - 3/12/25

not in session or -- or given all that you've got to do in this case, is that not as important as getting the -- getting things done and, perhaps, getting a ruling during the school year?

Mr. Raofield, I'll hear from you, and then I'll hear from Mr. Guynn.

MR. RAOFIELD:  Thank you, Your Honor.

THE COURT:  I mean, that's why I was kind of insistent on having this thing during the summer.  Get it resolved in the summer when the kids aren't in school and get these issues decided.  Of course, whatever I decide or, you know, comes out of this trial, I'm sure somebody is going to be going up to the Court of Appeals and maybe even to the Supreme Court on this issue, I don't know.

But given -- given that issue, given that -- by moving this trial date takes us out of the summer and deciding the issue during the summer, what would the parties prefer in terms of -- in terms of moving that trial date versus -- given what you have to prove and given the stuff you know you have to do, what would you-all prefer I do?

Mr. Raofield?

MR. RAOFIELD:  Yes, Your Honor.

So I appreciate the question.  So first of all, we would like to get a ruling as soon as possible.  But given that we have the practical consequence of having the burden of proof and required to get evidence, we have the issues I raised

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 22 of 38
Pageid#: 408
Virginia State Conference NAACP, et al. vs.        22
County School Board of Shenandoah County - 3/12/25

before. I -- I would say that I have had with Mr. Fitzgerald and Mr. Guynn success in having cordial and productive conversations. And perhaps one approach would be for the parties to confer and put a proposal together for the Court that would satisfy the plaintiffs to do as I've discussed before that would lead to a sooner summary judgement decision or filing on the compelled speech claim. If along the way we find we need some sort of an evidentiary hearing or even a trial, we could, you know, raise that. I haven't had the chance even to discuss with my own team, let alone them.

I do think that it makes sense to postpone the trial when it comes to the other claims. I don't think that -- like first of all, I think we would all have to suspend the normal deadlines for discovery, which the Court is fully capable of doing, of course, but I just worry that the rush would prevent us from getting evidence that we may well need in order to prove our case on those other claims.

But I don't feel that way about compelled speech. And instead of trying to propose and set a schedule now, I think that maybe the parties could work cooperatively in two fronts: one is to propose a schedule that has some sort of a bifurcation where we go quickly on the compelled speech while continuing the other claims; and then the second piece that I would say is the parties could have the type of conversations -- I think we selected one of the first mediation

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 23 of 38
Pageid#: 409
Virginia State Conference NAACP, et al. vs.          23
County School Board of Shenandoah County - 3/12/25

dates that we were offered, but there's no reason we can't be talking as counsel in the meantime, and we could try to see -- I don't know what it would be, but see if there is some sort of a creative solution that can resolve this.  Because what we care about is getting to a resolution that, you know, is satisfactory to our clients, of course.

THE COURT:  You know, that's an interesting -- it's an interesting thought.  It may not require severance of the -- of the equal protection from the -- from the compelled speech First Amendment claim, but I think -- I think what you're suggesting is there's probably not as much discovery on the compelled speech claim as there is going to be on the intent issue of the equal protection claim, right?

MR. RAOFIELD:  Correct.

THE COURT:  I mean, that makes sense to me.

Mr. Guynn, do you disagree with that?

MR. GUYNN:  Don't disagree at all, Your Honor.  I think that, frankly, it would take very -- very few if any depositions even on the compelled speech claim when it comes down to the uniforms and the like.

My understanding, briefly, is that the VHSL says they have to wear the same color.  But other than having a number on it, you know, if your team wears a blue jersey and red togs, as long as you've got that on, you don't have to have anything on other than your number.  So, I mean, there's a way to get that

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 24 of 38
Pageid#: 410
Virginia State Conference NAACP, et al. vs.        24
County School Board of Shenandoah County - 3/12/25

done.  And there's a way -- I mean, the VHSL is the league, as Mr. Raofield was mentioning, that controls all that.

Amazingly, and I still look back on it with my kids and even when I was there, they even control things like debate, you know?  They hold the debate competitions, including, you know, in addition to the basketball championships.  It's amazing what all the VHSL is involved in. So they are going to be a bit of an arbiter in a lot of this, and it's just a matter of maybe deposing their guy.  You know, I --

THE COURT:  Mr. Guynn, what do you think about Mr. Raofield's notion that this -- the compelled speech claim might be susceptible to Rule 56 resolution?

MR. GUYNN:  It's certainly more likely to be susceptible than the Fourteenth Amendment claim, Your Honor. Intent claims are so hard to get summary judgement in -- so hard -- and for the Court to rule on.  And there's no real intent issue in the First Amendment claim and simply a factual matter of, you know, what do we want to put on the uniforms.

And, you know, as far as creative solution to this, one of the things that I hope everybody can keep in mind is, you know, we're in a very unusual situation as a school board. Everybody on that board currently, save one guy who was appointed because somebody else moved and is off of the board, was elected saying they wanted to return the high school to the

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 25 of 38
Pageid#: 411
Virginia State Conference NAACP, et al. vs.        25
County School Board of Shenandoah County - 3/12/25

name of Stonewall Jackson.  I don't think they can politically agree to say, okay, now we're going to turn the name back.

But I do think they can agree to ways to address the compelled speech issue.  And in the discussions we have had in leading up to getting ready for mediation, that's been the focus of a lot of those discussions, is, you know, where is the Jackson name and how do we -- you know, how can we remedy that from the standpoint of making sure that nobody feels like their speech has been compelled, nor legally that it has been.

So that's certainly that -- but, I mean, it's going to be -- it's going to be a difficult time for Judge Hoppe as a mediator if the insistence is that we have to change a name as a mediation, because, I mean, that -- as a result of it.

So yeah, I think the -- the real question becomes: "Is there a creative solution to erasing the name from uniforms and the like?"  And I think there is.  Mainly because there isn't that much of it in the first place.  I think there's an "SJ" on the football uniform in the picture that I looked at. So, you know, so there's a way to take care of that.  Kid that doesn't want that, we can take that off of their uniform, and, frankly, nobody in the stands will even notice because you can't see it from up there.  So they won't stand out in the least.

THE COURT:  It would be a little odd just to take it off one kid's uniform.  I mean, that wouldn't --

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 26 of 38
Pageid#: 412
Virginia State Conference NAACP, et al. vs.      26
County School Board of Shenandoah County - 3/12/25

MR. GUYNN:  Well, it would be, but we could do it -- I mean, if the kid asked today, we'd do it.

MR. RAOFIELD:  Can I respond briefly?

THE COURT:  Sure, sure.  I'm happy to hear from you if Mr. Guynn is done.

MR. GUYNN:  I want to make sure I've answered your question, Your Honor.  I think I had gone off on a tangent there, and I apologize.

THE COURT:  Well, that happens sometimes.

MR. GUYNN:  Yeah, well, and you've been very kind over the years in allowing it, so I appreciate that.

But in any event, yeah, I think the First Amendment claim is probably one that we can agree on the facts a lot quicker.  We may be able to -- I mean, it may not require any discovery, and we may be able to stipulate once we, you know, explain where we are and what our policies mean.  So it could very well be taken care of more quickly.

I would say this also, Your Honor:  Your -- my sense of it is that, because of the political nature of the issue, that there's almost assuredly going to be an appeal in the matter.  And of course that's no reflection on the wisdom of your opinion or anything else.  It's just simply a matter of both sides -- you know, this case is, as the Court pointed out, different than the case in Hanover and may be more -- more appropriate or maybe situated in a way that both sides find it

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 27 of 38
Pageid#: 413
Virginia State Conference NAACP, et al. vs.         27
County School Board of Shenandoah County - 3/12/25

more amenable to an appeal.

THE COURT:  Okay.  All right.  Mr. Raofield, you wanted to respond?

MR. RAOFIELD:  Yeah.  I -- I just wanted to be clear that I didn't sort of open up a can of worms that I didn't fully clarify the position of the plaintiffs.

So -- so there is one issue in the case which is: What do the uniforms say and are people allowed to turn their jersey inside out?  I don't think turning your jersey inside out or anything remotely like that is going to satisfy the constitutional concerns for a lot of reasons.  But that's only one piece of the compulsion.

When students are playing for these teams -- I mean, like we've heard from our clients weekly about these kinds of issues.  When students are participating in events and they are being announced as Stonewall Jackson students, when someone wins, which happened recently, an award, they are sitting at a table with Stonewall Jackson, the name, taped to the front of the table.  When announcers at other schools, not even our own schools, at other schools announce them, Stonewall -- there are all these reasons for it.  When they score the winning shuttle. All the things that Your Honor knows and has talked about.  I just wanted to be very clear, number one -- just two points.

Number one, there's a lot more to the fact dispute than just what does the uniform happen to say, and can we just

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 28 of 38
Pageid#: 414
Virginia State Conference NAACP, et al. vs.          28
County School Board of Shenandoah County - 3/12/25

like put tape over it or change to it, something like that.

Number two, when I was suggesting maybe we could talk creatively about a solution, to be honest, I don't think there is any solution along the lines of what Mr. Guynn had in mind. It may just be that, for the reasons he stated, there is no negotiated resolution possible. But to be candid, from our point of view, keeping the school name but saying the jerseys won't say "SJ" anymore is not going to resolve the claims.

THE COURT: Well, I -- I appreciate that, and I understand that.

Okay. So I'm just --

This is what I'd like you-all to do, okay? Let's see if you-all couldn't come up with a mechanism or a proposal to get the First Amendment claim before the Court on the current schedule. The only thing that troubles me about separating the issues is that the -- and what would be the impact on appeal, right? If, for example, the Court decided that the compelled speech claim and we still had the equal protection claim out there, Fourth Circuit might say, "Oh, well, we can't take up the compelled speech claim until -- until the whole case is decided," right? I mean, that's -- I could certainly see them doing that. So --

MR. RAOFIELD: Is there a way, Your Honor -- I'm not a procedural expert, but if the Court hypothetically were to rule in the plaintiff's favor in the First Amendment speech,

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 29 of 38
Pageid#: 415
Virginia State Conference NAACP, et al. vs.        29
County School Board of Shenandoah County - 3/12/25

would there be a way for the Court to, as a technical matter, deny the claim on the remaining claims as moot?  And then if the Fourth Circuit didn't agree, then it would come back?

THE COURT:  You know, I hadn't thought about that.  But that is possible.

MS. BANNER:  Your Honor, I think there's also a procedural way -- this is Kaitlin Banner for the plaintiffs -- for the parties to agree that an issue is appealable or can be certified if that part of it --

THE COURT:  Well, I would have to agree with you, too, right?  You know, look, I'm reluctant to punt this case down the road.  I would really like to get it resolved.

What I would like you-all to do is to do this, okay?  I'm going to leave the trial date exactly right where it is.  And -- and I'm going to see if you-all can come up with me -- come up for me with a proposal to -- to at the very least get the compelled speech case teed up for summary judgement or -- or tried by the June dates, okay?  You know, it's March.  We only have April -- we only have -- it's March.  Then we have April, May, and then we're in June, right?  So I would like to keep those dates.  I'd like to keep the -- some -- to give you-all some motivation for resolving this case at mediation by keeping those dates.

Why don't I get you-all to send me within 10 days a proposal for getting the compelled speech claim before the

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 30 of 38
Pageid#: 416
Virginia State Conference NAACP, et al. vs.                    30
County School Board of Shenandoah County - 3/12/25

Court and then putting off -- and giving you-all some more time to do the discovery on the equal protection claim. And maybe it's just as simple as we agree we're going to tee up the equal -- the compelled speech claim for arguments on a motion for summary judgment, and, you know, we'll do that in June, at the end of June and let the Court decide that issue, or even sooner if we could. However long it takes you-all to get that discovery. While understanding that the -- the equal protection claim is going to require more discovery, and, perhaps, putting that issue off until -- there's no reason why we can't take this in manageable bites, right? And so I'd be willing to see what you-all can come up with by agreement for getting the compelled speech case in front of me for decision on Rule 56 sooner rather than later, okay?

I don't want two trials. It's less of a problem if it's two bench trials as opposed to two jury trials, right? And we have to get that issue of the jury decided as well. So if the defendant -- if the plaintiffs are going to object to the jury in this case, we'll need that briefed, okay? I mean, if there's a motion to strike their jury demand, that's going to have to be briefed and the defendants will have to respond.

But why don't you take ten days, and let's see if you can't come up with -- let's leave the trial where it is for now. See if we can't come up with a way to, working together, get the compelled speech claim in front of the Court for

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 31 of 38
Pageid#: 417
Virginia State Conference NAACP, et al. vs.          31
County School Board of Shenandoah County - 3/12/25

resolution, whether it can be done on Rule 56 or whether it requires some evidence at a -- at a trial, I don't know.

See if that makes sense to you.  And if it doesn't make sense and you can't come up with a way to do that, then I think we'll have to move the trial date.  But I really don't want -- you know, it's not going to do anybody any good to move this case further down the road.  Because I'm not the last decider on this issue, right?  There's going to be these folks in Richmond and maybe these folks in Washington that are going to end up hearing this issue.  If you-all can't get it worked out with Judge Hoppe.

So what do you think about proposing for me a discovery plan and a proposed -- a proposal for getting the compelled speech claim in front of me on Rule 56 while you continue to do discovery on the equal protection claim?  I mean, does that -- does that make sense, Mr. Raofield and Mr. Guynn, or do you think we should just move the whole trial date and do summary judgement and Rule 56 all at the same time on both issues?  What do you think makes the most sense?

MR. RAOFIELD:  I -- I think that what makes the most sense is to do what Your Honor just described, to at least have the parties try to negotiate that over the next ten days.  If the parties -- you know, for some reason it doesn't work we can always come back to the Court and then move the trial date. But personally, as you can tell, I feel like it does make sense

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 32 of 38
Pageid#: 418
Virginia State Conference NAACP, et al. vs.        32
County School Board of Shenandoah County - 3/12/25

to keep the pressure on with regard to the First Amendment claim while also continuing to progress the other claims.

THE COURT:  Mr. Guynn, what do you think?

MR. GUYNN:  I don't have any problem with getting ready for and, you know, briefing the Rule 56 claim with regard to -- or Rule 56 motion with regard to the First Amendment claim.  But I do think at the same time that we're doing discovery for the other claim that we're not really saving ourselves anything.  And so I would suggest to the Court that we deal with that after we figure out what's going to happen in the First Amendment situation.

THE COURT:  The practical reality is I have trials set or I'm not here --

Well, the -- I do have a little bit of time around Labor Day.  I can move it -- I can move this case to the last week in August.  If I moved it to the last week in August -- I mean, I do have the last week in August and the first week -- the first few days of September available.

MR. RAOFIELD:  So that Your Honor knows, I think the parties -- we conferred previously and worked out schedules. Everyone was amenable to September 2 start date.  I don't know if that's still a possibility, but if it is I know we've already had that discussion at least.

MR. GUYNN:  I'm not sure if it is.  I need to look.

THE COURT:  Well, the -- the problem with that is --

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 33 of 38
Pageid#: 419
Virginia State Conference NAACP, et al. vs.          33
County School Board of Shenandoah County - 3/12/25

Kristin, do you know --

The problem with that is that I'm not here starting the -- starting September 9. So if it doesn't get done that week, we have a bit of a problem. I certainly could -- would be happy to start it the week of August 25, and that way we've got two weeks in case it runs later.

Does that run into people's vacation problems or other issues with Labor Day?

MR. GUYNN: Yeah, a couple.

THE COURT: Kristin, do you know anything about that case that's set on Tuesday, October 7?

I just have jury trials set every week.

THE CLERK: I believe that's a pro se prisoner case.

THE COURT: Oh, great, okay. Until next year, I mean, I have cases set for trial every week that I'm here.

MR. RAOFIELD: Your Honor, when we were -- when thinking about this scheduling issue, I believe that counsel had discussed previously and talked to the Court previously that we expected to be able to do it within no more than four days. So I don't know if that helps with the 2nd, the idea of September 2nd, concluding it on the 5th, which would be four days.

THE COURT: Hold on one second.

Well, you know, and other things move as well. You

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 34 of 38
Pageid#: 420
Virginia State Conference NAACP, et al. vs.        34
County School Board of Shenandoah County - 3/12/25

know, we've got lots of things -- I've got a couple of --

Kristin, those two weeks in October, we've got those back-to-back trucking cases.  And I don't know what that case is that's set on the 14th.  I mean, it -- it's -- it is likely -- it is likely that some time would free up.

This is what I want you-all to do right now:  I'm just -- I'm a little concerned, Mr. Raofield, about starting on the 2nd because I turn into a pumpkin on the 9th, and I just worry that that doesn't give us enough time.  I know you said you think you can get it done in four days, but who knows, right?  The first time I had a criminal jury trial, the government told me it would take two days to put their evidence on and in the third week we were still going.  So, you know, stuff happens.  It might be --

Kristin, have we heard anything -- you know, we've got that case that's set in the middle of August for two weeks.  There's no way that case is going to trial, right?

THE CLERK:  Yeah, they have a mediation coming up here soon.

THE COURT:  Which one are you talking about?

THE CLERK:  The yellow one.

THE COURT:  Oh, I'm not worried about that one.  I'm talking about 7:19-CV-839.  Do you see that's set for two weeks starting the 11th of August?

THE CLERK:  I do.

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 35 of 38
Pageid#: 421
Virginia State Conference NAACP, et al. vs.    35
County School Board of Shenandoah County - 3/12/25

THE COURT:  What is wrong with the last week in August?

MR. GUYNN:  I need to look at my schedule, Your Honor.

THE COURT:  Well, I'm willing to move this case to the last week in August.  Okay?  If that -- if that suits the parties.  If not, get me a proposal to get the equal -- the compelled speech case in front of me within ten days.

Right now I'm going to leave the trial date where it is.  We're going to -- we're going to leave it the last day in June.  I can do it the last week in August.  If that doesn't suit, we'll -- we'll leave it where it is in June.  And we'll try to find a way to get the compelled speech claim in front of the Court and get it decided on summary judgement while you-all are still working on discovery on the -- on the equal protection claim.

So get me a proposal on that.  See whether or not you-all would be willing to agree to move this case to August 25th.  I'll do either one of those, okay?

MR. RAOFIELD:  Thank you, Your Honor.

MR. GUYNN:  Yes.

THE COURT:  And if it -- you know, my problem is I am -- I am out of the district starting the 9th of September. I -- I just -- and so I want to get this case done before then, and so that's a bit of a problem for me.

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 36 of 38
Pageid#: 422
Virginia State Conference NAACP, et al. vs.        36
County School Board of Shenandoah County - 3/12/25

Grace, when is your last day?

MS. SULLIVAN:  September 9th would be the year.

THE COURT:  Okay.  Well, this case needs to be done before then because Grace is the brains in this operation.  So we'll -- we need her.  She wrote the -- she did all the drafting.  Obviously, we all thought about it, but she did all the drafting in the motion to dismiss, so I'd like her to be here for the trial of this case.  So see if we can't do it for the 25th of August.  If not, let's find a way to get compelled speech in front of me sooner rather than later.

As for now, we're going to leave the trial date where it is.  If you-all can agree to move it or to some schedule where we can get compelled speech done sooner while you're still working on equal protection, I'm happy to consider it.  So send me what you're going to send me.

Likewise, if the plaintiffs are going to oppose the jury issue, file that so that we can begin work on that and get that resolved sooner rather than later.  Because that will help with some of the mechanics.  If we know we're dealing with a jury trial versus a bench trial, that matters, too.  Okay?

Does -- is that -- does that give you enough -- does that give you enough to work with, Mr. Raofield, within the next ten days or so?

MR. RAOFIELD:  More than enough to work within the next ten days.  And as I understand it, we will -- the parties

Case 5:24-cv-00040-MFU-JCH   Document 83   Filed 03/13/25   Page 37 of 38
Pageid#: 423
Virginia State Conference NAACP, et al. vs.        37
County School Board of Shenandoah County - 3/12/25

will confer, potentially both, about moving the trial to the 25th if the trial is necessary, but also teeing up the First Amendment claim earlier by summary judgement.

THE COURT:  Right.  And I -- and I can do that even before June the 30th.  I mean, as soon as you-all want to get that teed up, let's tee it up.

MR. RAOFIELD:  Yes, sir.

THE COURT:  The sooner the better.

Mr. Guynn, does that give you enough to talk with the plaintiffs about to see if we can find a way to get this case done in an orderly fashion?

MR. GUYNN:  Yes, it does, Your Honor.

THE COURT:  And if any of these -- you know, I just don't want to push this thing off into next year.  I don't.  I don't.  I want to get this thing resolved.  And I'd love to get as much as we can resolved before the school year starts.  So I appreciate your-all's help.  I look forward to hearing from you in ten days or so and see where we go from there, okay?

MR. RAOFIELD:  Thank you.

MR. GUYNN:  Yes.

THE COURT:  All right.  Thank you all so much. I -- I look forward to continuing to work with you on this matter.  Thanks.

COUNSEL:  Thank you, Your Honor.

(The proceedings concluded at 3:02 p.m.)

Case 5:24-cv-00040-MFU-JCH    Document 83    Filed 03/13/25    Page 38 of 38
Pageid#: 424
Virginia State Conference NAACP, et al. vs.        38
County School Board of Shenandoah County - 3/12/25

**CERTIFICATE**

I, Mary J. Butenschoen, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Mary J. Butenschoen, RPR, CRR                    3/13/2025