UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

VIRGINIA STATE CONFERENCE
NAACP, *et al.*,

      Plaintiffs,

      v.

COUNTY SCHOOL BOARD OF
SHENANDOAH COUNTY,

      Defendant.

Case No. 5:24-cv-00040
PLAINTIFFS' MOTION TO COMPEL
PRODUCTION

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiffs respectfully move for an order compelling Defendant to produce all documents responsive to Plaintiffs' requests for production of documents by July 7, 2025.

Pursuant to this Court's scheduling order, discovery with respect to all claims is scheduled to end on August 22, 2025. ECF No. 114. Despite many attempts by Plaintiffs' counsel to resolve this matter without court intervention, Defendant has failed to comply with its obligation to timely produce documents in response to Plaintiffs' requests, failed to provide meaningful updates regarding its timeline for production, and failed to move with the speed necessary to comply with the scheduling order governing this litigation. After initially making some limited productions, it has now been 2.5 months since Defendant made its last production of documents. Defendant's ongoing failure to, at the very least, identify a timeline for production is prejudicing Plaintiffs by impeding Plaintiffs' ability to fully investigate its claims and Defendant's defenses, and threatening the ability of the parties to complete discovery consistent with the scheduling order entered by the Court.

In support of this motion, Plaintiffs respectfully state the following:

On February 10, 2025, shortly after the Court's Order denying Defendant's Motion to Dismiss, Plaintiffs served on Defendant their First Set of Document Requests. Defendant's responses were due on March 12.

On March 12, 2025, following the status conference with the Court earlier that day, Defendant made its first production. Defendant noted that its 14-page production was "rather scant" and explained that technical limitations were hampering its ability to collect and produce documents.

On March 14, 2025, the parties met and conferred to discuss the Court's request for a discovery schedule. During the meet and confer, Defendant indicated that it was planning to ask the School Board's insurance carrier whether it would agree to pay for an electronic discovery vendor.

On March 21, 2025, the parties filed a joint proposed scheduling order calling for all fact and expert discovery on all claims to be completed by August 22, 2025, ECF No. 84, which the Court later adopted. ECF No. 97.

On April 2, 2025, Defendant advised that it was still pursuing the process of securing a discovery vendor to collect documents, as well as pursuing text messages from School Board members' phone carriers.

On April 3, 2025, Defendant made what has turned out to be its most recent production of documents. As discussed below, after the April 3 production, Defendant suspended its production efforts pending retention of an electronic discovery vendor.[1]

On April 23, 2025, Plaintiffs again sought a meet and confer, during which Defendant advised that it had obtained quotes from discovery vendors and would soon propose a vendor for approval by the School Board's insurance carrier.

---

[1] As part of its response to Plaintiffs' interrogatories, Defendant produced pictures (e.g., pictures of school uniforms) on April 11, 2025.

On May 1, 2025, Defendant advised Plaintiffs that its document production was essentially at a standstill because Defendant's insurance carrier had not yet approved a discovery vendor and was not answering Defendant's phone calls.

On May 2, 2025, Defendant confirmed via email that it had received preliminary approval from the insurance carrier to proceed with a discovery vendor, but it expressed concerns about the costs involved.  To reduce costs, Defendant requested limiting the time range for discovery to 1999 to present.  Shortly thereafter, Plaintiffs agreed to limit the time range for certain requests while reserving the right to seek additional discovery, if necessary, after reviewing Defendant's production.

On May 6, 2025, Defendant confirmed via email that it was now proceeding with a discovery vendor.

On May 14, 2025, the parties spoke by phone, and Plaintiffs requested that Defendant complete its document production by May 30, 2025.

On May 22, 2025, Defendant advised that a May 30 deadline (more than 100 days after the discovery requests were served) was not realistic.  Defendant indicated that work with a discovery vendor had commenced but said it could not confirm whether all data had been collected, and stated that it was unable to agree to any deadline for completing its document production.

On May 27, 2025, Plaintiffs again requested an update regarding when Defendant would complete its production, and Defendant indicated that it would share information about the timing of its production when it was in a position to do so.

On June 10 and 11, 2025, Plaintiffs again requested an update.  Defendant responded by informing Plaintiffs that there had been a further delay in its production due to "ongoing change of leadership with the team that is handling [its] production," and again failed to provide a date by which its production would be completed.

It has now been more than four months since Plaintiffs served their requests for production, and 2.5 months since Defendant made its last document production and suspended its production efforts in order to retain an electronic discovery vendor.  Not only has Defendant failed to produce a single document since April 3, 2025, it has also failed to respond to Plaintiffs' repeated requests for information regarding the timing of Defendant's document production.  Defendant's delays are unreasonable and threaten the discovery schedule in this case, which will needlessly prolong the ongoing violation of Plaintiffs' constitutional rights, leaving Plaintiffs with no choice but to seek court intervention.

District courts have broad discretion in managing discovery, including whether to grant or deny a motion to compel. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.*, 43 F.3d 922, 929 (4th Cir. 1995).  Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), a plaintiff is entitled to an order compelling the production of documents responsive to plaintiff's discovery requests when a defendant does not produce such documents. *See* Fed. R. Civ. P. 37.  A moving party must demonstrate the discoverability of the information it seeks and certify that it has made a good faith effort to confer with the opposing party in an effort to obtain the requested discovery.  Fed. R. Civ. P. 37(a).

Here, Defendant does not dispute that the requested documents are relevant and discoverable, and Plaintiffs have in good faith conferred with Defendant in an attempt to obtain the requested discovery.  As outlined above, Plaintiffs have conferred with Defendant on numerous occasions.  To expedite the document collection process and reduce costs for Defendant, Plaintiffs agreed to narrow the date range for certain requests.  Plaintiffs also provided Defendant with ample time to engage a discovery vendor and have proactively and repeatedly requested status updates from Defendant.  Despite Plaintiffs' efforts, Defendant has not only failed to produce documents for months, it has also repeatedly failed to provide Plaintiffs with a date by which it would even restart its production, let alone a date by which its production would be completed.  With the deadline for all

4

fact and expert discovery just over two months away, Plaintiffs have been left with no choice but to seek this Court's intervention.

For the above reasons, Plaintiffs respectfully request that the Court enter an order requiring Defendant to produce all documents responsive to Plaintiffs' requests for production by July 7, 2025, which is nearly five months after those requests were served and just 1.5 months before the close of all fact and expert discovery.

Dated: June 16, 2025                                      Respectfully submitted,


                                              /s/ Ashley Joyner Chavous
                                              Ashley Joyner Chavous (VSB #84028)

                                              Jason C. Raofield (DC Bar #463877)*
                                              Elizabeth Upton (DC Bar #1031985)*
                                              Li Reed (DC Bar #90018796)*
                                              Stephanie Nnadi (DC Bar #90007365)*
                                              Cara E. Souto (DC Bar #90018434)*
                                              Lauren Smith (DC Bar #90029733)*
                                              Amber Lowery (DC Bar #1780982)*
                                              Analese Bridges (DC Bar #90029992)*
                                              Samuel Greeley (DC Bar #1656254)*
                                              Covington & Burling LLP
                                              850 10th Street, NW
                                              Washington, DC 20001
                                              (202) 662-6000
                                              achavous@cov.com
                                              Counsel for Plaintiffs

                                              /s/ Kaitlin Banner
                                              Kaitlin Banner (DC Bar #1000436)*
                                              Marja K. Plater (DC Bar #90002586)*
                                              Ryan Downer (DC Bar #1013470)*
                                              Washington Lawyers' Committee
                                              for Civil Rights and Urban Affairs
                                              700 14th Street, NW, Suite 400
                                              Washington, DC 20005
                                              kaitlin_banner@washlaw.org
                                              Counsel for Plaintiffs

                                              * Admitted pro hac vice

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2025, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to:

Jim H. Guynn, Jr (VSB #22299)
Christopher S. Dadak (VSB #83789)
John R. Fitzgerald (VSB #989221)
GUYNN WADDELL, P.C.
415 S. College Ave.
Salem, Virginia 24153
Phone: (540) 387-2320
Fax: (540) 389-2350
Email:  jimg@guynnwaddell.com
        chrisd@guynnwaddell.com
        johnf@guynnwaddell.com
*Counsel for Defendant*

s/ *Ashley Joyner Chavous*
Ashley Joyner Chavous
VA Bar #84028