UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| VIRGINIA STATE CONFERENCE NAACP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY SCHOOL BOARD OF SHENANDOAH COUNTY, <br> Defendant. | Case No. 5:24-cv-00040 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 1**

**INTRODUCTION**

After the Court entered an order laying out the permissible scope of any assertions of legislative privilege in this case, Defendant elected to utilize the assertion of the privilege to prevent discovery into what factors the School Board members considered when voting to re-instate the Confederate school names, with the exception of the two topics explicitly delineated by the Court. Indeed, Defendants even prevented Plaintiffs from asking the School Board members about their public statements at the time of the vote. To prevent legislative privilege from unfairly being used as a sword at trial, Plaintiffs ask the Court to preclude Defendant from offering evidence at trial regarding the very subject it shielded during discovery.

While Defendant represented that "it does not intend to call individual School Board members to testify at trial with respect to the reason(s) for their vote(s)," ECF No. 190 at 4, during the Parties' meet and confer on this issue, it rejected a proposed stipulation that Defendant would not offer *other evidence* at trial for that purpose. As Defendant made clear during the status conference on November 12, Defendant now plans to introduce evidence of the factors School Board members purportedly

considered *via implication*, pointing to opinions held before their election or after the vote, or to statements they made in campaign materials or in public records. Because Defendant strategically chose to foreclose inquiry into any of the *actual* underlying factors School Board members considered or their *actual* subjective intent when making their vote, it should not be permitted to introduce such evidence as a surrogate.

Moreover, any campaign or other public statements (including statements made after the vote or during the course of this litigation) are unreliable out-of-court statements, and they cannot be offered as evidence of the truth of the School Board members' actual considerations and intentions because Plaintiffs were unable to test them.

## BACKGROUND

Following Plaintiff's motion to compel Defendant to produce documents that had been stalled for several months, the Court ordered Defendant to file a motion asserting any discovery privilege it intended to claim. ECF No. 143. Defendant asserted a broad claim of legislative privilege, ECF No. 150, and Plaintiffs opposed on the grounds that it sought to shield evidence that was salient to Plaintiffs' Equal Protection claims, ECF No. 155.

Following briefing, a status conference, and a review of a relevant deposition transcript where Defendant broadly invoked legislative privilege, the Court entered an order addressing the scope of Defendant's assertion of legislative privilege. ECF No. 170. The Court noted Plaintiffs' concern regarding the potential use of legislative privilege as a "sword and shield." ECF No. 169 at 19.

As discussed with the Court during the November 12, 2025 conference, the School Board members have, at the direction of their counsel (who also represent Defendant School Board), broadly asserted legislative privilege to prevent Plaintiffs from probing the factors the School Board members considered when changing the school names, with the exception of questions relating to race or impact

2

of the names on Black students.  Thus, Defendant prohibited Plaintiffs from inquiring into any other legitimate or illegitimate justifications for their votes.  For example:

- Individual School Board members and their counsel broadly invoked legislative privilege to block any testimony regarding the motivations behind public statements, questioning about any factors they considered when making their decision (except for race and impact on Black students), and basic questions about the reinstating process and factual sequencing. *See* Appendix A, which follows the signature block in this Memorandum (Plaintiffs are happy to provide the Court with highlighted deposition transcripts if helpful).

- Defendant's Rule 30(b)(6) witness similarly invoked legislative privilege over factors considered by the School Board members leading up to the 2024 vote.

- Defendant refused to answer on legislative privilege grounds interrogatories requesting Defendant to "[i]dentify all factors considered by the School Board, including individual members serving on the School Board in July 2020 and May 2024, when retiring the names 'Stonewall Jackson' and 'Ashby-Lee' in July 2020 and reinstating the names in May 2024." Ex. 1, Def.'s 2d Suppl. Answers to Pls.' Interrogs. No. 16); *see also* Ex. 2, Def's Answers to Pls.' 1st Set of Reqs. for Admis. No. 1-6 (invoking legislative privilege when asked to admit that School Board members relied on the survey to restore the school names).

In every case, the School Board members invoked their legislative privilege, and did not permit Plaintiffs to question them about their reasons for voting, the factors they considered, or the veracity of their public contemporaneous statements at the time of their votes.  This invocation of privilege also foreclosed lines of inquiry and questions Plaintiffs would have asked but-for the breadth of Defendant's assertion of the privilege.

**ARGUMENT**

It is a basic principle of civil litigation, recognized in each and every Circuit, that a party should not be permitted to hide information during discovery, only to then selectively reveal such information

3

when it suits them during trial.[1]  In the Fourth Circuit, a party cannot block discovery by invoking a privilege and then introduce evidence on that very subject when it suits the party.  *See In re Edmond*, 934 F.2d 1304, 1308 (4th Cir. 1991).  A plaintiff seeking to prevent a defendant from using a privilege as a sword and shield may file a motion *in limine* to prevent the introduction of such evidence, and such motions are frequently granted.  Courts have held that the "penalty" for "failure to reveal decisions, information, or documents pretrial shall preclude defendant from using such decisions, information, or documents at trial." *United States v. Duke Energy Corp.*, 208 F.R.D. 553, 558 (M.D.N.C. 2002).  The granting of a motion *in limine* is left to the trial court's broad discretion.  *See Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 373 (4th Cir. 2013) (stating that the Fourth Circuit reviews "a district court's grant of a motion *in limine* for an abuse of discretion").

Here, Plaintiffs have sought multiples avenues of discovery into the factors the School Board members considered and reasons they had for voting in May 2024 to restore the Confederate names, and Defendant and the School Board members have consistently invoked the legislative privilege to prevent inquiry into such factors, with the exception of the narrow topics explicitly carved out by the Court's order on September 5, 2025.[2]  Counsel for Defendant has instructed the witnesses to invoke the privilege over any discussion of any of the non-race-related factors the School Board members

---

[1] *See Gutierrez-Rodriguez v. Cartagena,* 882 F.2d 553, 576-77 (1st Cir. 1989); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *In re Chevron Corp.*, 650 F.3d 276, 287 (3d Cir. 2011); *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 n.18 (5th Cir. 1999); *Ross v. City of Memphis*, 423 F.3d 596, 604-05 (6th Cir. 2005); *United States v. Jumper*, 497 F.3d 699, 705 (7th Cir. 2007); *United States v. Workman,* 138 F.3d 1261, 1263-64 (8th Cir. 1998); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 704 (10th Cir. 1998); *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1313 (11th Cir. 2021); *S.E.C. v. Lavin*, 111 F.3d 921, 933 (D.C. Cir. 1997).

[2]  The Court's order also permitted inquiry into the factual information available to the School Board members, which Defendant largely answered.  With respect to the survey conducted by the Coalition for Better Schools in 2024, which is factual information that Defendant has indicated it may introduce, Plaintiffs are not saying the fact of the survey itself must be excluded, but rather that Defendant cannot offer evidence at trial that the School Board members relied on the survey when voting on reinstating the Confederate names.

4

considered in connection with their May 2024 votes, including with respect to their public statements at the time of the vote. Plaintiffs informed Defendant's counsel on multiple occasions of Plaintiffs' concerns regarding the use of privilege as both a sword and a shield. This was also addressed in the Parties' briefing, ECF No. 155 at 13 ("Defendant may not wield legislative privilege as both a sword and shield."), and in the Court's Memorandum Opinion, ECF No. 169 at 19.

Defendant nonetheless elected to prevent discovery into why the members voted the way they did—including inquiry into School Board members' contemporaneous public statements that related to factors they considered—knowing the consequence: Defendant could not affirmatively use the restricted information at trial. *See, e.g.*, *Galaxy Computer Servs., Inc. v. Baker*, 325 B.R. 544, 559 (E.D. Va. 2005) (holding based on the "weight of authority" that a witness could not testify as to information withheld during a deposition on the basis of privilege).

Defendant has now indicated its intent to rely on *non-contemporaneous* public statements as evidence of the actual reasons for the School Board members' votes. But because of the invocation of the privilege, Defendant has effectively prevented Plaintiffs from substantive inquiry into whether those statements have any relation to the actual reasons for the School Board members' votes. By preventing such questions, those public statements cannot be admitted as evidence of the actual reasons for Defendants' votes, which Plaintiffs have had no meaningful opportunity to challenge.

Plaintiffs would be unfairly prejudiced if Defendant was permitted to introduce such evidence at trial. District courts in the Fourth Circuit, recognizing the danger of unfair prejudice, have limited the scope of trial testimony to nip sword-and-shield tactics in the bud. *See, e.g.*, *Galaxy Computer Servs., Inc. v. Baker*, 325 B.R. 544, 559 (E.D. Va. 2005) (limiting an attorney's trial testimony to "the scope of her deposition" when attorney had avoided testifying about issues in a deposition by invoking attorney-client privilege). Indeed, here, the Court identified this concern in its prior order, noting that

5

the introduction of potential nondiscriminatory motivations may require a broader waiver to permit discovery of withheld evidence.  ECF No. 169 at 18.

Simply put, having invoked legislative privilege to prevent inquiry during discovery as to School Board members' motives or factors considered when voting, as well as their prior public statements regarding that subject, Defendant should be precluded from offering evidence on that same subject at trial.

## CONCLUSION

Plaintiffs respectfully request that Defendant be precluded from offering evidence at trial of the non-race related factors School Board members considered when voting to reinstate the Confederate names in 2024.

Dated: November 14, 2025              Respectfully submitted,

*Ashley Joyner Chavous*
Ashley Joyner Chavous (VSB #84028)

Jason C. Raofield (DC Bar #463877)*
Kevin Collins (DC Bar #445305)*
Elizabeth Upton (DC Bar #1031985)*
Li Reed (DC Bar #90018796)*
Samuel Greeley (DC Bar #1656254)*
Tyler Smith (DC Bar #1735958)*
Stephanie Nnadi (DC Bar #90007365)*
Amber Lowery (DC Bar #1780982)*
Lauren Smith (DC Bar #90029733)*
Analese Bridges (DC Bar #90029992)*
Alyssa Greenstein (DC Bar #90029046)*
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-6000
achavous@cov.com
*Counsel for Plaintiffs*

Kaitlin Banner (DC Bar #1000436)*

6

Marja K. Plater (DC Bar #90002586)*
Ryan Downer (DC Bar #1013470)*
Melissa Colon (DC Bar #90006144)*
Washington Lawyers' Committee
for Civil Rights and Urban Affairs
700 14th Street, NW, Suite 400
Washington, DC 20005
kaitlin_banner@washlaw.org
*Counsel for Plaintiffs*

*\* Admitted pro hac vice*

## CERTIFICATE OF SERVICE

   I hereby certify that on November 14, 2025, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to:

Jim H. Guynn, Jr (VSB #22299)
Christopher S. Dadak (VSB #83789)
John R. Fitzgerald (VSB #989221)
GUYNN WADDELL, P.C.
415 S. College Ave.
Salem, Virginia 24153
Phone: (540) 387-2320
Fax: (540) 389-2350
Email:  jimg@guynnwaddell.com
    chrisd@guynnwaddell.com
    johnf@guynnwaddell.com
*Counsel for Defendant*

               *Ashley Joyner Chavous*
               Ashley Joyner Chavous
               VA Bar #84028

### Appendix A

- Defendant's counsel asserted "you can confirm that -- that [public] statements that were made were -- were accurate to their recollection, but getting into their motivations for making those statements, unless it's related to [race], I think that's – that's clearly still privileged."  Gutshall Dep. Tr. at 114:24-115:6.

- Defendant's counsel confirmed they were asserting "questioning about any of the factors [Mr. Gutshall] considered is covered by the legislative privilege" except for race and impact on students of color.  Gutshall Dep. Tr. at 130:6-16; *see id.* ("MR. GREELEY: Okay. So we can't ask about any of the other factors he might have considered. MR. FITZGERALD: Correct.").

- Defendant objected on numerous occasions to questions relating to the public statements made by school members:

    - Gutshall Dep. Tr. at 112:11-113:15 ("So are you saying that, you know, we can't examine them on their public statements? John, are you maintaining the privilege on this? . . . . MR. FITZGERALD: Yeah, yeah I am."); *id.* 114:9-17 ("MR. GREELEY: Okay. And John, just to clarify, are you saying that that applies to -- basically to questions -- any questions around these public statements here except for ones that explicitly discuss race? MR. FITZGERALD: Yeah, except for ones that explicitly discuss whether race was considered or the impact on the students of the names.");

    - Streett Dep. Tr. 287: 5-14 (Mr. Streett would not testify "as to what he remembers regarding what was said by whom" and what "factored into his thought process and his motivations for why he voted the way he did").

- School Board members also refused to answer basic questions about the school renaming, including:

9

- o  Barlow Dep. Tr. at 146:6-147:12 ("in what ways in 2022 was this [the school naming] policy followed that Mr. Barlow feels [weren't] followed in 2020?");
- o  Rutz Dep. Tr. at 107:23-108:13 ("Why put [the survey] back on the agenda?"); *id.* 108:3-13 ("why bring [the school names] back to the school board?").

- Legislative privilege was also invoked to prevent inquiry into questions of fact and what School Board members considered when voting:
  - o  Gutshall Dep. Tr. at 58:10-19 (refusing to answer "the factual questions of what was going to go on the [proposed 2022 School Board] survey"); *id.* at 95:14-20 (refusing to answer the question, "Do you remember if you added [the Coalition for Better Schools' letter] to the April 11th agenda?");
  - o  Barlow Dep. Tr. at 174:20-24 ("And have you seen this letter before? MR. FITZGERALD: Objection. Legislative privilege. This goes to factual information considered by Chairman Barlow in the leadup to the vote in 2024, and I advise him not to discuss whether he considered it at all.");
  - o  Carlineo Dep. Tr. at 34:16-35:2 (refusing to answer the question why something submitted to the agenda does not make it to the agenda);
  - o  30(b)(6) Dep. Tr. 136:21-137:1 (claiming that what School Board members "actually considered" is "covered by legislative privilege").