UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| VIRGINIA STATE CONFERENCE NAACP, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY SCHOOL BOARD OF SHENANDOAH COUNTY,<br><br>    Defendant. | Case No. 5:24-cv-00040<br>PLAINTIFFS' MOTION IN LIMINE NO. 3 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF GIBSON KERR**

**INTRODUCTION**

Defendant has designated Gibson Kerr as its Expert Witness to offer opinions about the Confederacy and the historical significance of Confederate commemorations in Shenandoah County. Under Rule 702, Defendant bears the burden of demonstrating by a preponderance of the evidence that Mr. Kerr is qualified to provide expert testimony. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 n.10 (1993); *Doe v. Russell Cty. Sch. Bd.*, 292 F. Supp. 3d 690, 719 (W.D. Va. 2018). However, Defendant has failed to show that Mr. Kerr possesses the knowledge, skill, experience, training or education to provide expert testimony on Plaintiffs' remaining claims, and his purported opinions are unreliable, speculative, and unsupported by sound methodology, facts, or data. Accordingly, Mr. Kerr fails to satisfy the standards for admissibility and the Court should grant Plaintiffs' Motion to Exclude the Expert Testimony of Mr. Kerr in its entirety.

## BACKGROUND

Plaintiffs offered expert testimony from Brig. Gen. Ty Seidule regarding the First Amendment, Fourteenth Amendment, and related statutory claims in this case. Brig. Gen. Seidule's report provides a historical analysis of the Confederacy and its members and the significance of Confederate commemorations in Virginia and Shenandoah County as it relates to Jim Crow, desegregation, and Massive Resistance. His report opines, *inter alia*, that "Confederate commemorations were intended to and do send a message of White supremacy and protest the expansion of rights for Black Americans," and that "[t]he names of Stonewall Jackson High School and Ashby-Lee Elementary School honor those who chose rebellion, insurrection, and treason to retain and expand human bondage." Ex. 1, Brig. Gen. Ty Seidule Expert Report at 20–21.

Defendant offered Mr. Kerr as an expert witness to rebut these opinions. *See* Ex. 2, Gibson Kerr's Rebuttal of Brig. Gen. Ty Seidule Expert Report (hereinafter "Kerr Report"). Mr. Kerr received a Bachelor of Arts in history, with a focus on European history. *Id.* at 1, 16. Mr. Kerr is a licensed realtor with a Master's degree in Business Administration and has not pursued a career dedicated to historical analysis. *Id.* Mr. Kerr's report purports to offer several expert opinions on Plaintiffs' remaining claims, including claims that "[r]eferences to 'massive resistance' in the 1950s and 1960s are irrelevant," and "modern day Virginians are not motivated by racism when they commemorate Confederate heroes." *Id.* at 11.

## LEGAL STANDARD

Testimony from an expert qualified "by knowledge, skill, experience, training, or education" is only admissible if (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" (2) "the testimony is based on sufficient facts or data;" (3) "the testimony is the product of reliable principles and

2

methods;" and (4) "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. The proponent of expert testimony must satisfy each of the requirements of Rule 702 by a preponderance of the evidence. *See* Fed. R. Evid. 702 committee's notes on rules – 2023 amendment.

Under Federal Rule of Evidence 702, trial judges "special gatekeeping obligation" to ensure that expert testimony is both relevant and reliable. *See Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021). Expert testimony is relevant if it has "a valid scientific connection to the pertinent inquiry." *Belville v. Ford Motor Co.*, 919 F.3d 224, 232 (4th Cir. 2019) (citations omitted). Expert testimony is reliable when it is based on "scientific, technical or specialized *knowledge* and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *Id.* (citations omitted) (emphasis in original).

## ARGUMENT

Defendant has not demonstrated by a preponderance of the evidence that Mr. Kerr possesses the specialized knowledge, skill, training, experience, or education required to engage in rigorous and accurate historical analysis. Mr. Kerr's education in European history and business and his work as a realtor are irrelevant and reflect that he does not have specialized knowledge of the Civil War, the history of Confederate commemorations, or the history of school desegregation. Ex. 3, Transcript, Deposition of Everett Gibson Kerr (hereinafter "Kerr Dep. Tr."), at 13–14. Mr. Kerr's self-proclaimed experience as a "lifelong student of history" who has "coincidentally accumulated extensive knowledge about the American Civil War, the Confederacy, and other prominent Confederates" by "accumulat[ing] an extensive library of [Robert E.] Lee biographies," Kerr Report at 1, is not sufficient experience under Federal Rule of Evidence 702. Mr. Kerr is not more a qualified expert historian than any other layperson with an interest in history.

3

Moreover, Defendant has not demonstrated Mr. Kerr's opinions regarding the Confederacy and the historical significance behind Confederate commemorations are based on a reliable methodology. In forming his opinions, Mr. Kerr relied heavily on material previously gathered while authoring his book, "Un-Cancel Robert E. Lee," which provides a historical analysis of Lee's role in the Confederacy and subsequent commemorations to Lee, and an analysis of contemporary perceptions of Lee. *See* Kerr Dep. Tr., 36–37, 92. In addition to lacking foundational education and experience to engage in such historical analysis, Mr. Kerr has not tested his theories or conclusions through any reliable method or peer review. *Id.* at 51–52.

Finally, Mr. Kerr fails to ground his opinions in sufficient facts or data. Rather, Mr. Kerr supports his conclusions through cherry-picking quotes and passages that support his preexisting position. *See e.g.*, *id.* at 131, 151–156. Mr. Kerr then attributes many of his opinions to his own "lived experience," of traveling through the United States, "work[ing] at an international publicly traded company" in the "diverse city" of Kansas City, Missouri, and being "involved with a lot of different organizations." *Id.* at 146–147. Mr. Kerr also cites the written and oral accounts of his relatives and ancestors as forming the basis of several of his opinions. *Id.* at 98–103. At no point did Mr. Kerr conduct a survey, study, or engage in any other sound methodology to support the conclusions reached by his "lived experience" or that anecdotes from his family were applicable to the Parties in this case. *See e.g.*, *id.* at 60, 87, 91–92, 104, 145.[1]

## CONCLUSION

Accordingly, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to exclude Mr. Kerr as an expert witness in this case. Plaintiffs' reserve the right to present additional argument

---

[1] For the reasons stated in ECF No. 194 at 14–15, this motion is timely.

4

and authority based on the evidence presented at the hearing on the Motion. Plaintiffs also reserve the right to present evidence at the hearing on the Motion.

Dated: November 14, 2025                  Respectfully submitted,

*/s/ Ashley Joyner Chavous*
Ashley Joyner Chavous (VSB #84028)

Jason C. Raofield (DC Bar #463877)*
Kevin Collins (DC Bar #445305)*
Elizabeth Upton (DC Bar #1031985)*
Li Reed (DC Bar #90018796)*
Samuel Greeley (DC Bar #1656254)*
Tyler Smith (DC Bar #1735958)*
Stephanie Nnadi (DC Bar #90007365)*
Amber Lowery (DC Bar #1780982)*
Lauren Smith (DC Bar #90029733)*
Analese Bridges (DC Bar #90029992)*
Alyssa Greenstein (DC Bar #90029046)*
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-6000
achavous@cov.com
*Counsel for Plaintiffs*

*/s/ Kaitlin Banner*
Kaitlin Banner (DC Bar #1000436)*
Marja K. Plater (DC Bar #90002586)*
Ryan Downer (DC Bar #1013470)*
Melissa Colon (DC Bar #90006144)*
Washington Lawyers' Committee
for Civil Rights and Urban Affairs
700 14th Street, NW, Suite 400
Washington, DC 20005
kaitlin_banner@washlaw.org
*Counsel for Plaintiffs*

*\* Admitted pro hac vice*

## CERTIFICATE OF SERVICE

   I hereby certify that on November 14, 2025, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to:

Jim H. Guynn, Jr (VSB #22299)
Christopher S. Dadak (VSB #83789)
John R. Fitzgerald (VSB #989221)
GUYNN WADDELL, P.C.
415 S. College Ave.
Salem, Virginia 24153
Phone: (540) 387-2320
Fax: (540) 389-2350
Email: jimg@guynnwaddell.com
   chrisd@guynnwaddell.com
   johnf@guynnwaddell.com
*Counsel for Defendant*

               */s/ Ashley Joyner Chavous*
               Ashley Joyner Chavous
               VA Bar #84028