UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

VIRGINIA STATE CONFERENCE
NAACP, *et al.*,

    Plaintiffs,

    v.

COUNTY SCHOOL BOARD OF
SHENANDOAH COUNTY,

    Defendant.

Case No. 5:24-cv-00040

## JOINT PRE-TRIAL MEMO

Pursuant to the Joint Status Report filed by the Parties, ECF No. 190, the Parties in the above-captioned matter submit this Joint Pre-Trial Memo to apprise the Court of the status of the Parties' trial exchanges and raise the remaining issues relevant to the forthcoming trial in advance of the December 1, 2025 pretrial conference.

**I.**     **Claims**

Plaintiffs filed the Complaint in this action on June 11, 2024. ECF No. 1. The Court denied Defendant's Motion to Dismiss Plaintiffs' Claims, ECF No. 62, and granted Plaintiffs' Motion for Summary Judgment on its First Amendment claims at summary judgment, ECF No. 172. Three claims thus remain in this case for trial: (1) Plaintiffs' Fourteenth Amendment Equal Protection Clause claim, (2) Plaintiffs' Title VI of the Civil Rights Act of 1964 claim, and (3) Plaintiffs' Equal Educational Opportunities Act claim. ECF No. 1 at 53–61.

With respect to the Fourteenth Amendment Equal Protection Clause and Title VI claims, Plaintiffs have alleged that the restoration of the Confederate school names and their symbolism disproportionately impact Black children. In addition to disproportionate impact, Plaintiffs have

also alleged that Defendant's decision to reinstate the Confederate school names was motivated by a discriminatory purpose.  With respect to the Equal Educational Opportunities Act claim, Plaintiffs have alleged that Defendant previously practiced *de jure* segregation and that Defendant has since failed to take affirmative steps to remove the vestiges of segregation of the school, resulting in an unequal education for Black students.

Plaintiffs seek the following relief:

- Injunctive relief requiring Defendant to remove the Confederate names and mascots and prevent any future naming involving Confederate leaders or references to the Confederacy;

- Injunctive relief requiring Defendant to remove all remaining vestiges of the dual school system previously operated in Shenandoah County;

- Award reasonable attorneys' fees to Plaintiff, pursuant to 42 U.S.C. § 1988;

- Award costs of litigation to Plaintiff, pursuant to 42 U.S.C. §§ 1920 and 1988; and

- Award such other and further relief as this Court may deem appropriate and in the interests of justice.  ECF No. 1 at 61.

**II.    Parties**

A.    Plaintiffs

The Virginia State Conference NAACP is the state branch of the NAACP in Virginia.  Its mission is to ensure the political, educational, social, and economic equality of all persons and to eliminate race-based discrimination. The subject matter of this Complaint is at the core of the mission of the Virginia State Conference NAACP.  The members of the Virginia State Conference NAACP include Black and White families whose students attend Stonewall Jackson High School and Ashby Lee Elementary School. The Virginia State Conference NAACP brings this action on behalf of its members.  ECF No. 1 at 4–5.

Plaintiffs A.C. and B.B. are eighteen-year-old alumni of the Massanutten Regional Governor's School at Stonewall Jackson High School. Plaintiff D.D. is a fifteen-year-old who is a sophomore at Stonewall Jackson High School. Plaintiff J.D. is an eleven-year-old alumnus of Ashby Lee Elementary School. All four student Plaintiffs are members of the Virginia State Conference of the NAACP. All four student-Plaintiffs' parents and guardians are authorized to sue on behalf of their student pursuant to Fed. R. Civ. P. 17(c)(1)(A). All Plaintiffs allege that the Confederate school names harm them and their families because the names signal approval by their schools to honor the Confederacy and Confederate generals. *See* ECF No. 1 at 57.

### B. Defendant

Defendant Shenandoah County School Board oversees and is the policy-making body for the Shenandoah County Public Schools system and has final authority over the names of what are now Stonewall Jackson High School and Ashby Lee Elementary School. It is comprised of six members elected by residents of Shenandoah County.

## III. Status of Settlement Discussions

The Parties remain open to considering a potential resolution outside of trial but have no viable settlement offers at this time. As such, we strongly expect the case to proceed to trial.

## IV. Exhibit Lists

The parties have exchanged exhibit lists and objections thereto and have met and conferred about their respective objections, per the Joint Status Report filed by the Parties. ECF No. 190. The parties have resolved many of their objections and agreed on the authenticity and admissibility of many of the Parties' exhibits. That said, the Parties have remaining disputes regarding certain potential trial exhibits. Plaintiffs' exhibit list, including Defendants' remaining objections thereto, is attached as Exhibit 1. Defendant's exhibit list, including Plaintiffs' remaining objections thereto, is attached as Exhibit 2.

Additionally, the Parties stipulate to the authenticity and admissibility of certain evidence as identified below, noting, however, that the documents are not admitted for all purposes, and that the Parties reserve the right to object to the admissibility of certain statements therein on the basis of the pending motions *in limine* or for hearsay purposes:

- Interrogatories:
    - Plaintiffs' First Set of Interrogatories, dated February 26, 2025, and objections and responses thereto;
    - Plaintiffs' Second Set of Interrogatories, dated July 8, 2025, and objections and responses thereto;
    - Plaintiffs' Third Set of Interrogatories, dated September 19, 2025, and objections and responses thereto;
    - Plaintiffs' Fourth Set of Interrogatories, dated September 25, 2025, and objections and responses thereto;
    - Defendant's First Set of Interrogatories to Kay Doe and Edward Doe on Behalf of D.D., dated March 25, 2025, and objections and responses thereto;
    - Defendant's First Set of Interrogatories to Mary Johnson on Behalf of A.J., dated March 25, 2025, and objections and responses thereto; and
    - Defendant's First Set of Interrogatories to NAACP, dated March 25, 2025, and objections and responses thereto.
- Requests for Admission:
    - Plaintiffs' First Set of Requests for Admissions, dated September 25, 2025, and objections and responses thereto; and
    - Plaintiffs' Second Set of Requests for Admissions, dated September 26, 2025, and objections and responses thereto.

- Joint Statements of Stipulated Facts, ECF Nos. 85, 96, 104, 109, and all other Joint Statements of Stipulated Facts submitted in this case;

- The approved agenda, approved minutes, and a transcription of the video from the July 9, 2020 School Board Meeting;

- The approved agenda and approved minutes from the September 10, 2020 School Board Meeting;

- The approved agenda, approved minutes, and a transcription of the video from the June 1, 2022 School Board Meeting;

- The approved agenda, approved minutes, and a transcription of the video from the June 9, 2022 School Board Meeting;

- The approved agenda, approved minutes, and a transcription of the video from the April 11, 2024 School Board Meeting;

- The approved agenda, approved minutes, and a transcription of the video from the April 22, 2024 School Board Meeting; and

- The approved agenda, approved minutes, and a transcription of the video from the May 9, 2024 School Board Meeting.

## V. Witness Lists

The Parties have exchanged witness lists, per the Joint Status Report filed by the Parties. ECF No. 190. The Parties have identified witnesses they are planning to call and those that they reserve the right to call. Plaintiffs' witness list is attached as Exhibit 3. Defendant's witness list is attached as Exhibit 4. The Parties reserve the right to object to witnesses at trial.

The Parties agree to exchange, by 2 PM on Monday, December 8, the names of witnesses they intend to call, including by deposition designations, and the order in which they will be called.

The Parties have agreed to make a good faith effort to call each witness only once at trial. The parties agree that neither party's case will close until all of the parties' witnesses are called. The Parties have agreed to coordinate on the witness schedule and communicate to the other party.

Additionally, the Parties have agreed to make a good faith effort to communicate by 7:30 PM each night of trial, including the night before the first day of trial, which witnesses they plan to call the next day and the order in which they will be called, along with exhibits and demonstrative exhibits that will be used for each witness. The Parties will make a good faith effort to meet and confer to discuss any objections at 8:30 PM.

**VI.    Deposition Designations**

The Parties continue to contemplate deposition designations for certain witnesses and intend to submit such designations to the Court by December 3. In the event that the Parties submit deposition designations, the Parties will submit such designations in color-coded format, indicating each Party's designations and portions of the transcript designated by both Parties.

Dated: November 25, 2025                                    Respectfully submitted,

*/s/ Ashley Joyner Chavous*                                 */s/ John R. Fitzgerald*

Ashley Joyner Chavous (VSB #84028)                          Jim H. Guynn, Jr (VSB #22299)
Jason C. Raofield (DC Bar #463877)*                         Christopher S. Dadak (VSB #83789)
Kevin B. Collins (DC Bar #445305)*                          John R. Fitzgerald (VSB #989221)
Elizabeth Upton (DC Bar #1031985)*                          Guynn Waddell, P.C.
Li Reed (DC Bar #90018796)*                                 415 S. College Ave.
Samuel Greeley (DC Bar #1656254)*                           Salem, Virginia 24153
Tyler Smith (DC Bar #1735958)*                              Phone: (540) 387-2320
Amber Lowery (DC Bar #1780982)*                             Fax: (540) 389-2350
Stephanie Nnadi (DC Bar #90007365)*                         jimg@guynnwaddell.com
Lauren Smith (DC Bar #90029733)*                            chrisd@guynnwaddell.com
Analese Bridges (DC Bar #90029992)*                         johnf@guynnwaddell.com
Alyssa Greenstein (DC Bar #90029046)*                       *Counsel for Defendant*
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-6000

achavous@cov.com
*Counsel for Plaintiffs*

*/s/ Kaitlin Banner*
Kaitlin Banner (DC Bar #1000436)*
Marja K. Plater (DC Bar #90002586)*
Ryan Downer (DC Bar #1013470)*
Melissa Colon (DC Bar #90006144)*
Washington Lawyers' Committee
for Civil Rights and Urban Affairs
700 14th Street, NW, Suite 400
Washington, DC 20005
kaitlin_banner@washlaw.org
*Counsel for Plaintiffs*

* *Admitted pro hac vice*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 25, 2025, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to:

Jim H. Guynn, Jr (VSB #22299)
Christopher S. Dadak (VSB #83789)
John R. Fitzgerald (VSB #989221)
GUYNN WADDELL, P.C.
415 S. College Ave.
Salem, Virginia 24153
Phone: (540) 387-2320
Fax: (540) 389-2350
Email:  jimg@guynnwaddell.com
         chrisd@guynnwaddell.com
         johnf@guynnwaddell.com
*Counsel for Defendants*

                                      s/ *Ashley Joyner Chavous*
                                      Ashley Joyner Chavous
                                      VA Bar #84028