IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISON

| | |
|---|---|
| VIRGINIA STATE CONFERENCE NAACP, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 5:24-cv-00040 |
| COUNTY SCHOOL BOARD OF SHENANDOAH COUNTY, | ) ) ) ) |
| Defendant. | ) |

### **DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE**

Defendant Shenandoah County School Board, by counsel, replies in support of its Motion in Limine [ECF 200], and in support, states as follows:

**I.  The 2020 School Board's resolutions and public statements are admissible, but not as evidence of the 2024 School Board's discriminatory intent.**

Plaintiffs appear to misunderstand the School Board's argument regarding the 2020 School Board's resolutions and public statements. The School Board is not arguing that this evidence is inadmissible for all purposes. Nor is it arguing that the 2020 School Board and the 2024 School Board did not have the same intent. *See* Pls.' Opp., ECF 204, at 2 ("Plaintiffs are not intending to argue that the 2024 School Board had the same intent as the 2020 School Board; rather, they will argue that the prior statements and legislative history support Plaintiffs' argument that Defendants acted with discriminatory intent.") That is obvious. Rather, the School Board is arguing that it is "illogical, inconsistent with the law, and would unreasonably disrupt or restrict the legislative process" to argue that statements of opinion, political views, or values made by the 2020 School Board are evidence of the 2024 School Board's discriminatory intent or that they can be used as

1

prior inconsistent party statements. How could one school board's statements of opinion possibly be evidence of the intent of another school board consisting of entirely different individuals?

Plaintiffs point to this Court's memorandum opinion on the motion to dismiss on this issue, but to the extent the Court's memorandum opinion would allow the introduction of not just resolutions by the 2020 School Board but statements made by individual board members in 2020 as impeachment evidence, prior inconsistent party statement, or otherwise admissible as evidence of the 2024 School Board's intent, the the School Board respectfully urges the Court to reconsider. The 2024 School Board is not the "very School Board that . . . acknowledged this historical record and enduring legacy [when it retired the school names]." That was the 2020 School Board. The 2024 School Board's decision to restore the school names "was not a 'strange about-face.' 908 F.3d, at 519. It was a natural response to a newly identified problem." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 35, 140 S. Ct. 1891, 1916 (2020) (vacating in part, reversing in part *Regents of the Univ. of Cal. v. United States Dep't of Homeland Sec.*, 908 F.3d 476 (9th Cir. 2018)). While the Shenandoah County School Board is the defendant in this case, for all intents and purposes, the defendant is the 2024 School Board that restored the school names. To argue otherwise is inapposite and should not be permitted.

## II.   Dr. Spinks-Franklin's opinion concerning the student plaintiffs lacks methodology.

Plaintiffs are right about one thing. The School Board's objection to Dr. Spinks-Franklin's opinion that "Black students in Shenandoah County, *including Plaintiffs*,[1] are experiencing a form of cultural racism and may experience internalized racism due to Defendant's reinstatement of the

---

[1] Note how the inclusion of the Plaintiffs (some of whom are White) is tacked on—almost as an afterthought—to the end of a 7-page report that otherwise only discusses "Black students at Stonewall Jackson High School and Ashby-Lee Elementary School," as if Black students are not distinct individuals with their own perceptions and opinions, but rather this homogenous group that all feel and think the same way on this issue.

2

Confederate school names" is essentially a criticism of her methodology—or lack thereof—and her foundation in forming that opinion.

The following excerpts from Dr. Spinks-Franklin's deposition transcript, pages 90-94, demonstrate her fatally deficient methodology and factual basis for her vague opinion that the Plaintiffs in particular are experiencing "a form of" cultural racism and "may experience" internalized racism.

```
        Q.      Okay.   Which way, clinical versus
research, in which way did you analyze the
plaintiffs in this case?
        A.      I had to review the documents that
the plaintiffs, of the plaintiffs' statements,
right?  So I had to do it through reviewing the
school board minutes, the media interviews, the
depositions, and then reviewing the literature on
this that's germane to this particular case.
That's how I did my evaluation as a part of my
expert witness work.
```

…

```
        Q.      Okay.   So just to confirm, you didn't
give them any surveys or interview them in person
or do any of those things that you described as
part of your clinical practice?
        A.      No.
```

…

3

Q. In your opinion, did the plaintiffs in this case while they were attending or while they are attending Stonewall Jackson High School or Ashby-Lee Elementary School, have they or are they experiencing toxic stress?

A. Yes, based upon the statements that they made that I read in all of the documents that I reviewed.

Q. Okay. And is that based upon the deposition testimony of the plaintiffs who have been deposed so far?

A. Yes, sir. It's based on the deposition transcripts that I was provided and the statements they made at the school board meeting, the minutes that I read from the meetings, and the media interviews. Their statements are really

...

Q. What about the plaintiffs who are members of the Virginia chapter of the NAACP who

are not named in the case? Are they also experiencing toxic stress in your opinion?

A. I don't have access to -- I don't even who they are. I don't know if I even have any information about them.

...

A. My opinion is based upon the statements of the students that I read and the documents that I was provided and the documents that I reviewed, in conjunction with the literature, those students definitely are experiencing toxic stress.

Q. Okay. But not necessarily all Black students at those schools?

A. I don't have information on the other Black children and what their statements are and what their experiences are. According to the literature, it would be across the board, right? According to the literature, it would be -- the literature suggests that all of the Black kids in that school will be having, experiencing toxic

5

```
stress, whether they label it as such or not.  But
I don't have access to information about all of
the students that are Black.
```

  To summarize Dr. Spinks-Franklin's testimony: She did not give the Plaintiffs any surveys or questionnaires. She did not even bother to interview them. At the time she wrote her report, she did not even have the deposition testimony of B.B., A.C., J.D., or the second deposition of D.D., which pertained to her Equal Protection, Title VI, and EEOA claims. Those depositions had not even occurred yet. She does not even know who all the Plaintiffs are and appears to have assumed that they are all Black, which of course they are not. She only had access to deposition testimony from D.D. and A.J. (the sole White plaintiff) pertaining to their First Amendment compelled speech claims, and public statements from some of the named student plaintiffs, when she formed her opinion regarding all the Plaintiffs. The literature she reviewed in support of her opinion "suggests that all of the Black kids in [Stonewall Jackson High School] will be . . . experiencing toxic stress, whether they label it as such or not." Spinks-Franklin Depo. 93:22-94:01.

  This opinion from Dr. Spinks-Franklin is not based on sufficient facts or data, nor does it reflect a reliable application of reliable principles and methods to what little facts of the case she had available to her. She appears to have merely read and believed wholesale a sampling of testimony from a handful of student plaintiffs and then leapt to the speculative conclusion that *all the Plaintiffs are experiencing some form of cultural racism, and maybe even internalized racism because some of them said the school names make them uncomfortable. I don't know what the rest have said, but they're Black, so it's safe to assume that they are too.* This is not a scientific opinion. This is racial stereotyping dressed up as science. It ought to be excluded.

6

Therefore, Defendant Shenandoah County School Board respectfully moves the Court to exclude the testimony, evidence and argument as described above and for such other relief as the Court deems appropriate.[2]

        SHENANDOAH COUNTY SCHOOL BOARD

        By: /s/ John R. Fitzgerald
        Jim H. Guynn, Jr (VSB #22299)
        Christopher S. Dadak (VSB #83789)
        John R. Fitzgerald (VSB #98921)
        GUYNN WADDELL, P.C.
        415 S. College Ave.
        Salem, Virginia 24153
        Phone: (540) 387-2320
        Fax:    (540) 389-2350
        Email: jimg@guynnwaddell.com
               christopherd@guynnwaddell.com
               johnf@guynnwaddell.com
        *Counsel for Defendant*

---

[2] The School Board will withdraw its motions in limine with respect to certain opinions of Brig. Gen. Ty Seidule and Dr. Brian Daugherity because, as Plaintiffs have represented in their response brief, they will not ask Seidule to offer the opinion at issue and "will not offer Dr. Daugherity's opinion [regarding the current racial implications of the Confederate school names in Shenandoah County] as direct evidence of the 2024 School Board's intent." These stipulations are satisfactory to the School Board.

7

**CERTIFICATE OF SERVICE**

I hereby certify on the 28th day of November, 2025, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to:

Kaitlin Banner (DC Bar #1000436)
Marja K. Plater (DC Bar #90002586)
Ryan Downer (DC Bar #1013470)
Melissa Colon (DC Bar #90006144)
Washington Lawyers' Committee
for Civil Rights and Urban Affairs
700 14th Street, NW, Suite 400
Washington, DC 20005
kaitlin_banner@washlaw.org
*Counsel for Plaintiffs*

Ashley Joyner Chavous (VSB #84028)
Jason C. Raofield (DC Bar #463877)
Kevin Collins (DC Bar #445305)
Elizabeth Upton (DC Bar #1031985)
Li Reed (DC Bar #90018796)
Samuel Greeley (DC Bar #1656254)
Tyler Smith (DC Bar #1735958)
Stephanie Nnadi (DC Bar #90007365)
Lauren Smith (DC Bar #90029733)
Amber Lowery (DC Bar #1780982)
Analese Bridges (DC Bar #90029992)
Alyssa Greenstein (DC Bar #90029046)
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-6000
achavous@cov.com
*Counsel for Plaintiffs*

/s/ John R. Fitzgerald
Jim H. Guynn, Jr (VSB #22299)
Christopher S. Dadak (VSB #83789)
John R. Fitzgerald (VSB #98921)
GUYNN WADDELL, P.C.
415 S. College Ave.
Salem, Virginia 24153
Phone: (540) 387-2320
Fax:    (540) 389-2350
Email: jimg@guynnwaddell.com
       christopherd@guynnwaddell.com
       johnf@guynnwaddell.com
*Counsel for Defendant*