IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| VIRGINIA STATE CONFERENCE NAACP et al., ) ) ) Plaintiffs, ) ) v. ) ) COUNTY SCHOOL BOARD OF ) SHENANDOAH COUNTY, ) ) Defendant. ) | Case No. 5:24-cv-040 By:  Michael F. Urbanski Senior United States District Judge |

### ORDER

Both defendant County School Board of Shenandoah County ("School Board") and its individual members in office in 2022 and/or 2024 have declined to answer certain deposition questions and written discovery responses on the basis of the doctrine of legislative privilege. The court issued a memorandum opinion on September 5, 2025, which provided guidance as to the proper scope of legislative privilege in light of the specific issues involved in this case.

Following issuance of the memorandum opinion, members of the School Board continued to decline to answer questions on a number of topics, including School Board policies and procedures, Gutshall Dep. 95:2-22, Barlow Dep. 146:6-147:19; communications among School Board members, Gutshall Dep. 93:22-94:25; reasons why the School Board determined not to conduct its own survey regarding school name changes in 2022 or 2024, Gutshall Dep. 56:12-58:19, 75:13-76:12; 106:13-107:17; reasons why specific items would or would not be included on a meeting agenda, Gutshall Dep. 100:16-101:8, Carlineo Dep. 34:16-

1

35:25, Sheppard Dep. 149:12-150:22, Rutz Dep. 107:22-109:11; reasons for their votes on the school name change issue in 2024, Gutshall Dep. 116:3-116:11, 129:17-130:19; 136:25-137:17, Barlow Dep. 124:23-125:25; and motivations for public statements accompanying the school name change vote in 2024, Gutshall Dep. 111:8-115:22. Moreover, the School Board refused to answer, on legislative privilege grounds, requests for admissions and interrogatories that inquired about School Board members' reliance on the Coalition for Better Schools survey results when deciding how to vote in 2024 and the factors considered by the School Board when making the name changes. See Def.'s 2d Suppl. Answers to Pls.' Interrogs. No. 16, at Ex. 1 of Pls.' Mem. in Supp. of Mot. Lim. No. 1, ECF No. 196 (refusing to answer on legislative privilege grounds interrogatories requesting defendant to "[i]dentify all factors considered by the School Board, including individual members serving on the School Board in July 2020 and May 2024, when retiring the names 'Stonewall Jackson' and 'Ashby-Lee' in July 2020 and reinstating the names in May 2024"); see also Def.'s Answers to Pls.' 1st Set of Reqs. for Admis. No. 1-6, at Ex. 2 of Pls.' Mem. in Supp. of Mot. Lim. No. 1, ECF No. 196 (invoking legislative privilege when asked to admit that School Board members relied on the survey to reinstate the school names).

Because the School Board members made the litigation decision to decline to answer questions on these topics during discovery, the School Board may not introduce evidence on these topics at trial. In short, the School Board may not seek to shield discovery of the reasons for their decision to change the school names and then offer evidence or argument about these reasons as a sword in their defense of this case. See Doe v. Nebraska, 898 F. Supp. 2d 1086, 1126 (D. Neb. 2012) (explaining that the defendants "successfully asserted legislative privileges

to thwart the plaintiffs' effort to get at the truth" but "the defendants cannot now claim that the evidence is lacking regarding the true motives of the law-makers" as that would unfairly permit use of "their privilege defense as both a sword and shield"); League of Women Voters of Fla., Inc. v. Lee, No. 4:21cv186, 2022 WL 610400, at *1-2 (N.D. Fla. Jan.4, 2022) (granting a motion to exclude any evidence or testimony on legislative intent that was withheld from plaintiffs under legislative privilege, stating that to hold otherwise would allow use of the privilege as both a sword and shield); see also Galaxy Computer Servs., Inc., v. Baker, 325 B.R. 544, 559 (E.D. Va. 2005) ("The weight of the authority indicates that to permit [a witness] to testify to issues which she refused to testify to during her deposition based on privilege would allow the Defendants to use the attorney-client privilege as both a shield and a sword."); RL BB Financial, LLC v. Robinette, No. 3:11-cv-49, 2013 WL 11521681, at *3 (E.D. Tenn. Mar. 26, 2013) ("[T]hey cannot seize upon the privilege to withhold relevant information and evidence during pre-trial discovery and then testify or otherwise offer into evidence at trial the same information and documents.").

Whether the School Board acted with discriminatory intent in renaming schools after former Confederate generals in 2024 is an issue regarding the Equal Protection and Title VI claims. Because the School Board members declined to answer questions in discovery bearing on their intent in voting to reinstate the Confederate names in 2024, the School Board is precluded from offering evidence or argument at trial regarding the reasons for the 2024 vote, the motivation for the public statements of School Board members at the meeting on May 9-10, 2024, and other issues as to which members of the School Board declined to answer on the grounds of legislative privilege. At the same time, the parties have stipulated the

3

authenticity and admissibility of the approved agenda, approved minutes, and transcription of the video of the School Board meetings on July 9, 2020, September 10, 2020, June 1, 2022, June 9, 2022, April 11, 2024, April 22, 2024, and May 9-10, 2024. See Joint Pre-Trial Mem., ECF No. 208, at 4-5. It is expected that video evidence of these School Board meetings will be introduced at trial. However, because the assertion of legislative privilege deprived plaintiffs of the opportunity to test the veracity of the School Board members' public statements, public statements made by School Board members cannot be offered as evidence of the truth of the School Board members' actual considerations and intentions in reinstating the Confederate school names. The School Board will not be permitted to argue that the public statements as to which legislative privilege was asserted represent the actual intent of the School Board in changing the names of the schools.

In particular, because the School Board members chose to invoke legislative privilege as to the factors they considered when voting to change the names of the schools in 2024, the School Board may not offer evidence or argument at trial as to the reasons for reinstating the names. Accordingly, plaintiff's motion in limine re: legislative privilege, ECF No. 195, is **GRANTED**.

It is so **ORDERED**.

Entered: December 4, 2025

Michael F. Urbanski
Senior United States District Judge