# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

December 04, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Erica Jones
DEPUTY CLERK

| | |
|---|---|
| VIRGINIA STATE CONFERENCE NAACP et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 5:24-cv-040<br>) |
| COUNTY SCHOOL BOARD OF SHENANDOAH COUNTY, | ) By:    Michael F. Urbanski<br>) Senior United States District Judge<br>) |
| Defendant. | )<br>) |

## ORDER

Defendant County School Board of Shenandoah County ("School Board") has moved to exclude testimony, other evidence, or argument related to the School Board's 2020 "Resolution condemning racism and affirming the division's commitment to an inclusive school environment for all" and the School Board's individual members' public statements concerning the retirement of the school names in 2020. ECF No. 200, ¶ 1. Defendants argue that permitting the introduction of testimony, other evidence, or argument about alleged discriminatory intent that relates to the 2020 Board Resolutions and public member statements would violate Federal Rule of Evidence Rule 613(b). Id. See Fed. R. Evid. 613(b)(barring extrinsic evidence of a witness's prior inconsistent statement).

In addition to its impeachment and inconsistent party statement concerns, the School Board asks this court not to consider the 2020 Board Resolutions or statements of board members as evidence of the Board's intent in 2024. See ECF No. 209 at 2, ("to the extent the Court's memorandum [ECF No. 61] would allow the introduction of not just resolutions by

the 2020 School Board but statements made by individual board members in 2020 as impeachment evidence, prior inconsistent party statement, or otherwise admissible as evidence of the 2024 School Board's intent, the School Board respectfully urges the court to reconsider.")

At the same time, the parties have included in their Joint Statements of Stipulated Facts several quoted statements from the July 9, 2020 School Board meeting. See Joint Statement of Stipulated Facts, ECF No. 85, at 3-4; Third Joint Statement of Stipulated Facts, ECF No. 104, at 2-3. Further, the parties agreed in their Joint Pre-Trial Memo, ECF No. 208, at 4-5, as to the authenticity and admissibility of transcripts of the School Board meetings in 2020, 2022, and 2024.[1] In addition to the transcripts, the parties have agreed to provide the court with the video of those meetings.

The issue of the School Board's intent in reinstating the Confederate school names is at the center of this case. The Supreme Court has indicated several non-exclusive "subject[s] of proper inquiry in determining whether racially discriminatory intent existed[.]" Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 268 (1977). These subjects include both "the historical background of the decision" and "[t]he legislative or administrative history…especially where there are contemporary statements by members of the decisionmaking body, minutes of its meetings, or reports." Id. The Board's resolutions from 2020 and the contemporaneous statements from the 2020 board members are relevant

---

[1] The stipulation in the Joint Pretrial Memo stated that the parties "reserve the right to object to the admissibility of certain statements therein on the basis of the pending motions in limine or for hearsay purposes[.]" ECF No. 208, at 4.

evidentiary sources for determining intent. Defendant does not cite any legal authority that would bar testimony, other evidence, or arguments related to them.

Generally, the exclusion of evidence is disfavored in a bench trial. Teel v. City of Greenville (NC) Police Dep't, No. 4:05-CV-168-BR, 2007 WL 9760002, at *1 (E.D.N.C. Sept. 21, 2007). "For a bench trial, we are confident that the district court can hear relevant evidence, weigh its probative value and reject any improper inferences." Schultz v. Butcher, 24 F.3d 626, 632 (4th Cir. 1994). The court will evaluate the evidence concerning the actions of the School Board in 2020 and individual School Board members' statements at trial and will assess the evidentiary weight to be accorded this evidence in the court's written Findings of Fact and Conclusions of Law.

Accordingly, defendant County School Board of Shenandoah County's motion in limine, ECF No. 200, is **DENIED** to the extent that the court will allow admission in evidence of the School Board's actions in 2020 and the public statements of School Board members. As noted above, the evidentiary weight to be accorded the School Board actions in 2020 and individual School Board members' statements will be assessed during trial and in the court's written Findings of Fact and Conclusions of Law.[2]

It is so **ORDERED**.

Entered: December 4, 2025

Michael F. Urbanski
Senior United States District Judge

---

[2] The aspects of the School Board's motion in limine regarding expert testimony, ECF No 200, ¶¶ 2, 3, and 4, will be addressed in a separate opinion.