UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

|  |  |
|---|---|
| VIRGINIA STATE CONFERENCE NAACP, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY SCHOOL BOARD OF SHENANDOAH COUNTY,<br><br>    Defendant. | Case No. 5:24-cv-00040 |

**PLAINTIFFS' BENCH MEMORANDUM REGARDING THE COURT'S ORDER ON LEGISLATIVE PRIVILEGE (ECF. NO. 215)**

Defendant seeks to introduce into evidence certain factual information available to the School Board at the time of its renaming decision. Defendant's stated purpose for doing so is to ask the Court to infer that such information constitutes the true reasons for that decision. Plaintiffs were not permitted to explore in discovery the School Board members' motivations; any inference about those motivations would necessarily be made in the absence of any opportunity by Plaintiffs to test its basis. Seeking such an inference, either explicitly or implicitly, is no different from "offer[ing] evidence or argument at trial as to the reasons for reinstating the names." ECF No. 215 at 4. Defendant's opening statement to that effect raised concerns for Plaintiffs and the Court alike, and now, Defendant is attempting to designate deposition testimony of School Board member Brandi Rutz that runs headlong into this restriction.

Plaintiffs seek additional guidance from the Court regarding the evidence Defendant may introduce pursuant to the Court's Order at ECF No. 215. Such guidance is essential as the trial moves to the examination of Defendant's witnesses and is particularly important given the burden-shifting

1

framework in this case. Plaintiffs' position is that such evidence is inadmissible because (1) it is only relevant as to the School Board's intent, which is barred by the Court's Order at ECF No. 215, and (2) it is not probative because, as discussed below, such background information does not meet the exacting burden demanded by *Arlington Heights* and Fourth Circuit precedent. If Defendant were to introduce such testimony, Plaintiffs necessarily will need to prepare for their own presentation of evidence in response to argue why such "factual background information" is unreliable or pretextual.

This exact issue is crystalized in Defendant's deposition designations of testimony from former School Board member Brandi Rutz, which demonstrate Defendant's intent to offer testimony that is relevant only as evidence of the reasons the School Board reinstated the names. For example, at 64:18-65:25 and 103:21-1014:25, Ms. Rutz testifies to her views about how the 2020 process of changing the names was "flawed." Rutz Tr., 64:18-65:25, 103:21-104:25. Plaintiffs have informed Defendant that they object to Ms. Rutz's testimony about the "flawed" 2020 process on the basis of the Court's order, because the only purpose of this testimony is as evidence of the reasons for her vote; Defendant has identified no other purpose for offering this testimony. Ex. A, Proposed Rutz Deposition Designations, Pls.' Obj. at p.4, row 39 and p.5, row 45.c Defendant, for its part, argues that: "It's relevant as purely factual background information available to her at the time she made her vote. She does not say it is the reason she voted to restore the names. What board members thought about the name change prior to joining the School Board was not withheld on legislative privilege." *Id.*, Def.'s Resp. to Pls.' Obj. at p.4, row 39 and p.5, row 45. Plaintiffs object to the characterization of this as "purely factual information," as it involves Ms. Rutz's opinion about the process, but, more to the point, there is simply no relevance to "purely factual information" if not to argue intent.[1]

---

[1] It is also irrelevant that Plaintiffs were permitted some discovery into certain aspects of these topics because Defendant ultimately shielded Plaintiffs from the opportunity to test Defendant's *true reasons* for the name change.

2

This example is one of many. *See id.* at p.1, row 16, designating 36:21-38:02 (Defendant designating testimony about Ms. Rutz's understanding of the original naming of the schools and arguing it is relevant as "factual, historical/background information available to [Ms. Rutz] when she made her vote"); *id.* at p.3, row 23, designating 45:08-17 (Defendant designating testimony from Ms. Rutz about the reason Stonewall Jackson High School was originally chosen as the school name and arguing it "is relevant to how and when she became aware of the purely factual historical background information available to her when she made her vote"), *id.* at p.8, row 96, designating 220:23-221:22 (Defendant designating testimony about Ms. Rutz's "opinion of Stonewall Jackson based on her perception of sources of history and her opinion of the school naming based on the same"). Defendant has identified no other possible relevance of such evidence, and the Court has noted its skepticism of any such relevance. *See* Ex. B, Tr. of Dec. 1, 2025 Pre-Trial Conf. at 27:22-28:02 ("So I don't know why you should be allowed, in your case, to put in evidence of the survey, to put in evidence of concerns about the process in 2020, put in evidence about that these folks felt that, you know, there was the battlefield nearby and that's why they wanted to name the schools after these Confederate generals.").

As the Court has noted, the Order intersects with the burden-shifting nature of Plaintiffs' discrimination claims. With respect to Plaintiffs' claims under the Equal Protection Clause of the Fourteenth Amendment (and related Title VI claim under the Civil Rights Act of 1964), Plaintiffs have the burden of showing that a discriminatory purpose was a "motivating factor" in reinstating the Confederate school names. *N. Carolina State Conf. of NAACP v. McCrory*, 831 F.3d 204, 220 (4th Cir. 2016) (citing *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977)). Plaintiffs in

3

this case have and will offer evidence regarding the non-exhaustive factors set out by the Supreme Court in *Arlington Heights* to demonstrate discriminatory purpose.[2]

If Plaintiffs succeed, the burden shifts to Defendant to show that the challenged policy "would have been enacted without this factor." *Hunter v. Underwood*, 471 U.S. 222, 228 (1985). "Once the burden shifts, a court must carefully scrutinize a state's non-racial motivations to determine whether they alone can explain enactment of the challenged law." *McCrory*, 831 F.3d at 233 (citing *Arlington Heights*, 429 U.S. at 265-66). In making this determination, "a court assesses whether a law would have been enacted without a racially discriminatory motive by considering the substantiality of the state's proffered non-racial interest and how well the law furthers that interest." *McCrory,* 831 F.3d at 233–34 (citing *Hunter,* 471 U.S. at 228-33).

Here, if Plaintiffs successfully shift the burden, Defendant is required to show that the Confederate school names "would have been" reinstated "without considerations of race," not merely that there are legislative justifications are that are "plausible" and "not unreasonable." *Id.* at 234 (rejecting a district court's use of a "rational-basis-like lens" when assessing state's evidence after the burden had shifted). Defendant cannot meet its burden by merely offering evidence of facts available to the School Board at the time of the vote, or of School Board members' views prior to or after the vote, and then ask the Court to infer that there were non-racial justifications for the name change in 2024 because "such deference in that inquiry is wholly inappropriate." *Id.* at 234; *Arlington Heights*,

---

[2] The evidence offered by Plaintiffs to satisfy their own burden is not admitted for all purposes—i.e., the Court has made clear that evidence introduced by Plaintiffs is nevertheless subject to the limitations of ECF No. 215, and Defendants may not use that evidence to argue Defendant's reasons for changing the names. *See* Ex. C, Rough Tr. (Trial Day 1, Dec. 11, 2025) at 16:25-17:06 (Plaintiffs' understanding that Defendant may not offer these [stipulated] exhibits as evidence about the reasons for reinstating the Confederate school names); *see also* Joint Pre-Trial Memo, ECF No. 208 at 4 (The parties agreed that stipulated materials "are not admitted for all purposes and that parties reserve the right to object to the admissibility of certain statements therein on the basis of the pending motions in limine or for hearsay purposes.").

429 U.S. at 265-66 (explaining that because "racial discrimination is not just another competing consideration," a court must do much more than review for "arbitrariness or irrationality"). Any such inference would rest on an extremely shaky foundation. Defendants can also not invent reasons *post hoc*. *See* N.C. State Conf. of the NAACP v. McCrory, 831 F.3d at 238 ("Such post hoc rationalizations during litigation provide little evidence as to the actual motivations of the legislature.").

Instead, Defendant will be required to actually prove that the names would have been changed without considerations of race, and the Court must "carefully scrutinize" that evidence, not make inferences about it. *See McCrory*, 831 F.3d at 233-34. As the Court has noted, it is improper for Defendant to ask the Court "guess what [Defendants'] motivation is when Defendant precluded the Plaintiffs from inquiring as to what that motivation is." Ex. B, Tr. of Dec. 1, 2025 Pre-Trial Conf. at 20:14-16. Defendant is precluded, as a result of its litigation strategy, from offering "evidence or argument at trial as to the reasons for reinstating the [school] names." ECF No. 215 at 4. Asking the Court to make a reasonable inference as to their true reasons for the 2024 vote—based on "information available to" School Board members—is just another way of presenting evidence and making arguments that are impermissible under the Court's order. ECF No. 215. Other than for this impermissible purpose, this evidence is not relevant or probative, as this Court noted in a prior conference: "[S]imply because there was factual information, [Defendant] ha[s] precluded [School Board members] from answering the questions as to whether or not they relied on that information. And then simply because it was available to them, I'm not sure that it's probative." Ex. B, Tr. of Dec. 1, 2025 Pre-Trial Conf. at 25:15-19.

Plaintiffs ask for additional guidance that Defendant may not put on evidence of the School Board members' opinions of the school names, information about the process surrounding the School Board members' name change vote, or factual information available to the Board members at the time of the vote because such information is neither relevant nor probative under *Arlington Heights* unless

5

it is used for the improper purpose of supporting Defendant's argument about its reasons for reinstating the Confederate names. Such information cannot be offered by Defendant to get in through the back door what it has been barred, by its own litigation strategy, from bringing in through the front door.

Dated: December 14, 2025                          Respectfully submitted,

/s/ Ashley Joyner Chavous
Ashley Joyner Chavous (VSB #84028)

Jason C. Raofield (DC Bar #463877)*
Kevin Collins (DC Bar #445305)*
Elizabeth Upton (DC Bar #1031985)*
Li Reed (DC Bar #90018796)*
Samuel Greeley (DC Bar #1656254)*
Tyler Smith (DC Bar #1735958)*
Stephanie Nnadi (DC Bar #90007365)*
Amber Lowery (DC Bar #1780982)*
Lauren Smith (DC Bar #90029733)*
Analese Bridges (DC Bar #90029992)*
Alyssa Greenstein (DC Bar #90029046)*
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-6000
achavous@cov.com
*Counsel for Plaintiffs*

Kaitlin Banner (DC Bar #1000436)*
Marja K. Plater (DC Bar #90002586)*
Ryan Downer (DC Bar #1013470)*
Melissa Colon (DC Bar #90006144)*
Washington Lawyers' Committee
for Civil Rights and Urban Affairs
700 14th Street, NW, Suite 400
Washington, DC 20005
kaitlin_banner@washlaw.org
*Counsel for Plaintiffs*

*\* Admitted pro hac vice*

6

## CERTIFICATE OF SERVICE

      I hereby certify that on December 16, 2025, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to:

Jim H. Guynn, Jr (VSB #22299)
Christopher S. Dadak (VSB #83789)
John R. Fitzgerald (VSB #989221)
GUYNN WADDELL, P.C.
415 S. College Ave.
Salem, Virginia 24153
Phone: (540) 387-2320
Fax: (540) 389-2350
Email:  jimg@guynnwaddell.com
        chrisd@guynnwaddell.com
        johnf@guynnwaddell.com
*Counsel for Defendant*

                                            */s/ Ashley Joyner Chavous*
                                            Ashley Joyner Chavous
                                            VA Bar #84028