UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| VIRGINIA STATE CONFERENCE NAACP, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY SCHOOL BOARD OF SHENANDOAH COUNTY,<br><br>Defendant. | Case No. 5:24-cv-00040 |

**MOTION FOR CLARIFICATION OF ORDER**

On August 6, 2026, the Court issued a memorandum opinion concluding that Defendant's decision in 2024 to restore the names of Confederate officers to two schools in Shenandoah County violated the Equal Protection Clause of the Fourteenth Amendment, Title VI of the Civil Rights Act of 1964, and the Equal Education Opportunities Act. Mem. Op., ECF No. 285. In a separate memorandum opinion issued on September 9, 2025, the Court concluded that the name restoration violated Plaintiffs' First Amendment rights against compelled speech. Mem. Op., ECF No. 171 (together with ECF No. 285, the "Memorandum Opinions"). Accordingly, the Court entered an order requiring Defendant to remedy its constitutional and statutory violations by "removing the names 'Stonewall Jackson' and 'Ashby-Lee' and adopting new school names 'on a racially nondiscriminatory basis with all deliberate speed.'" Order, ECF No. 286 at 7 (the "Order").

The Memorandum Opinions and Order make plain that removal of the Confederate school names is necessary to remedy the irreparable harms Plaintiffs have suffered, and continue to suffer, as a result of the 2024 decision to reinstate those school names. ECF 286 at 3 ("Plaintiffs have suffered and will continue to suffer irreparable harm in the absence of a permanent injunction.").

The Court's Order encouraged the parties to renew their efforts to mediate in order to identify a mutually agreeable resolution effectuating the Order's directives. Plaintiffs are amenable to that approach and have asked Defendant to proceed with mediation to identify a process for selecting new school names. As part of such a resolution, Plaintiffs have expressed a willingness to voluntarily accept a very substantial reduction in the fee award to which they are entitled as the prevailing party.

However, Plaintiffs are concerned that, absent any date certain by which Defendant must remove the Confederate school names, the Order's suggestion that the parties pursue mediation could undermine its directive for Defendant to move with all deliberate speed. A mediation process could take months, even under the best circumstances and with all parties acting in good faith. Moreover, despite Plaintiffs' proposal for pursing mediation, at a public school board meeting held on August 13, 2026, all School Board members who spoke during the open session expressed their desire for the Defendant to pursue an appeal. Following a closed session, Defendant unanimously approved a motion (by a vote of 6-0) to retain and authorize appellate counsel "to file the notice of appeal, seek any appropriate stay or other relief pending appeal, and take all other necessary and appropriate actions to prosecute the appeal and protect the interests of the School Board." BoardDocs, *Shenandoah County School Board Meeting* (Aug. 13, 2026), https://go.boarddocs.com/vsba/shenandoah/Board.nsf/Public; *see also* Shenandoah County Public Schools, *SCPS School Board Meeting 08/13/2026*, 6:14:36 (YouTube, Aug. 13, 2026), https://www.youtube.com/live/GumIlg5iVoc.

The new school year has started in Shenandoah County, and Defendant has made no effort to remove the Confederate school names in the week since the Order was entered. Nor is there any reason to believe that, absent the clarification sought herein, they will make any effort to do so. Without a date certain by which the names must be removed, it is possible that the fall semester (if

not the entire year) could end with the discriminatory names still in place. At a minimum, while the parties attempt mediation, or in the event Defendant proceeds with an appeal, the Confederate school names must be removed to ensure that the irreparable harm does not continue.

Accordingly, Plaintiffs respectfully move the Court to clarify, pursuant to Federal Rule of Civil Procedure 60(a), that Defendant must remove the Confederate school names on or before September 30, 2026, unless it does so earlier pursuant to mediation (or otherwise). Issuing a clarification is both necessary to address an ambiguity in the Order and consistent with the Court's broad discretion under Rule 60(a). *See Sartin v. McNair L. Firm P.A*, 756 F.3d 259, 266 (4th Cir. 2014) (finding that a Rule 60(a) clarification order is an appropriate vehicle for addressing an "unintended ambiguity that obfuscates the court's original intent") (citing *Garamendi v. Henin,* 683 F.3d 1069, 1079 (9th Cir. 2012) ("Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement"); *Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir. 1992) ("A District Court is not limited under Rule 60(a) to the correction of clerical mistakes arising from oversight or omission. Rather, a district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented")).

For the foregoing reasons, Plaintiffs respectfully move the Court to clarify that Defendant must remove the Confederate school names on or before September 30, 2026. Plaintiffs submit this request in light of Judge Urbanski's upcoming retirement, to avoid the need for a different judge to interpret and enforce the Order in the future, should Defendant fail to remove the Confederate school names in the coming weeks.

Dated: August 14, 2026

Respectfully submitted,

*/s/ Jason C. Raofield*
Jason C. Raofield (DC Bar #463877)*
Kevin B. Collins (DC Bar #445305)*
Elizabeth Upton Duncan (DC Bar #1031985)*
Samuel Greeley (DC Bar #1656254)*
Li Reed (DC Bar #90018796)*
Tyler Smith (DC Bar #1735958)*
Stephanie Nnadi (DC Bar #90007365)*
Lauren Smith (DC Bar #90029733)*
Analese Bridges (DC Bar #90029992)*
Covington & Burling LLP
850 10th Street, NW
Washington, DC 20001
(202) 662-6000
lreed@cov.com
*Counsel for Plaintiffs*

/s/*Ryan Downer*
Kaitlin Banner (DC Bar #1000436)*
Marja K. Plater (DC Bar #90002586)*
Ryan Downer (DC Bar #1013470)*
Washington Lawyers' Committee
for Civil Rights and Urban Affairs
700 14th Street, NW, Suite 400
Washington, DC 20005
kaitlin_banner@washlaw.org
*Counsel for Plaintiffs*

/s/*Ashley Joyner Chavous*
Ashley Joyner Chavous (VSB #84028)
Holland & Knight LLP
800 17th Street, NW, Suite 1100
Washington, DC 20006
(202) 469-5543
ashley.chavous@hklaw.com
*Counsel for Plaintiffs*

* *Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2026, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to:

Jim H. Guynn, Jr (VSB #22299)
Christopher S. Dadak (VSB #83789)
John R. Fitzgerald (VSB #989221)
GUYNN WADDELL, P.C.
415 S. College Ave.
Salem, Virginia 24153
Phone: (540) 387-2320
Fax: (540) 389-2350
Email: jimg@guynnwaddell.com
chrisd@guynnwaddell.com
johnf@guynnwaddell.com
*Counsel for Defendant*

s/ *Ashley Joyner Chavous*
Ashley Joyner Chavous
VA Bar #84028