IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 26, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

| | | |
|---|---|---|
| **VIRGINIA STATE CONFERENCE NAACP, et al.,** | ) | |
| | ) | **Case No. 5:24-cv-00040** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COUNTY SCHOOL BOARD OF SHENANDOAH COUNTY,** | ) | **By: Michael F. Urbanski** **Senior United States District Judge** |
| | ) | |
| **Defendant** | ) | |

## ORDER

Pending before the court is plaintiffs' Federal Rule of Civil Procedure 60(a) motion for clarification of this court's August 6, 2026, order. ECF No. 287. Having considered the motion for clarification, and as set forth below, the court **DENIES** the motion for clarification.

On August 6, 2026, this court entered a memorandum opinion and order granting plaintiffs permanent injunctive relief and ordering the defendant School Board "to remedy the constitutional and statutory violations by removing the names 'Stonewall Jackson' and 'Ashby-Lee' and adopting new school names 'on a racially nondiscriminatory basis with all deliberate speed.' Brown v. Bd. of Educ., 349 U.S. 294, 301 (1955)." Order, ECF No. 286 at 7. The court also expressed its belief that the dispute involving the names of the schools would be best resolved by a community-driven consensus, rather than a protracted, expensive legal battle, and noted that it remained hopeful that the parties would make further attempts at mediation. Id. The court did not set a deadline for the defendant School Board to change the names of the schools, other than ordering the change to occur "with all deliberate speed."

On August 14, 2026, plaintiffs filed a motion for clarification of the court's August 6 order, asking the court to set a date certain for the name change, and suggesting September 30, 2026, as the deadline for the name change. Plaintiffs contend that without a deadline for the name change, it is possible that the fall semester, or possibly the entire school year, will end with the discriminatory names still in place. Plaintiffs also note that they are amenable to mediation and have asked defendants to proceed with mediation to identify a process for selecting new school names. They argue that without a deadline for the name change, the court's suggestion to pursue mediation "could undermine its directive for defendant to move with all deliberate speed." Mot., ECF No. 287 at 2. Plaintiffs also note that the School Board appears to favor an appeal of this court's order regarding the name change. Id.

Federal Rule of Civil Procedure 60(a), "Corrections Based on Clerical Mistakes; Oversights and Omissions," provides the following:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

It is uncontested that Rule 60(a) motions can be brought to address clerical mistakes such as typographical errors, to correct transcription errors or miscalculations, or to address other similar ministerial tasks. Sartin v. McNair Law Firm PA, 756 F.3d 259, 265 (4th Cir. 2014). The Fourth Circuit has cautioned that Rule 60(a) should not be used to reconsider a matter that has already been decided. Id. (citing Rhodes v. Hartford Fire Ins. Co., 548 F. App'x 857, 859 (4th Cir. 2013)). The Rhodes court noted:

> The basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

Rhodes, 548 F. App'x at 859–60 (quoting In re Walter, 282 F.3d 434, 440 (6th Cir. 2002)) (citation modified). "'The relevant test ... is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule.'" Id. at 859 (quoting Pfizer Inc. v. Uprichard, 422 F.3d 124, 130 (3d Cir. 2005)) (citation modified).

Notwithstanding this limitation, "Rule 60(a) is not confined just to fixing typographical and other clerical errors. The Rule's text also authorizes a court to correct 'a mistake arising from oversight or omission.'" Sartin, 756 F.3d at 265 (quoting Fed. R. Civ. P. 60(a)).

> Such a mistake occurs when there is an inconsistency between the text of an order or judgment and the district court's intent when it entered the order or judgment. A "mistake arising from oversight or omission" also includes an unintended ambiguity that obfuscates the court's original intent. Rule 60(a) authorizes a district court to correct either such mistake to conform the text with its original intent.

Id. at 265–66 (collecting cases).

The scope of a court's authority to make corrections to an order or judgment "is circumscribed by the court's intent when it issued the order or judgment." Id. at 266. "And the court's original intent 'may be ascertained through consideration of contemporaneous documents, such as a memorandum opinion or transcript, and by the presiding judge's own subsequent statements regarding his intent.'" Id. (citing Rhodes, 548 F. App'x. at 860; Rivera

v. PNS Stores, Inc., 647 F.3d 188, 197 (5th Cir. 2011)). "'Rule 60(a) does not provide for the correction of the deliberate choice of the district judge, even where that deliberate choice is based on a mistake of law.'" Rhodes, 548 F. App'x at 860 (quoting Rivera, 647 F.3d at 195–96) (citation modified).

In this case, the court did not mistakenly fail to include a deadline for the defendants to change the names of the schools. Rather, the court intended to provide the School Board "with a reasonable opportunity to remedy the constitutional and statutory violations" set forth in the memorandum opinion. Mem. Op., ECF No. 285 at 4. The court continues to believe that it is in the interest of the parties to seek a consensus on names for the schools that do not violate the constitutional and statutory rights of the plaintiffs in this lawsuit.

However, should the School Board not undertake steps to begin the name change process within a reasonable time, it will be in violation of the court's order to change the names "with all deliberate speed." In that case, plaintiffs may file a further motion regarding the School Board's violation of the court's August 6, 2026, order.

It is so **ORDERED**.

Entered: August 25, 2026

Mike Urbanski
Senior U.S. District Judge
2026.08.25 17:07:48
-04'00'

Michael F. Urbanski
Senior United States District Judge