**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

VIRGINIA STATE CONFERENCE NAACP,
et al.,

Plaintiffs,

v. Case No. 5:24-cv-00040-MFU-JCH

COUNTY SCHOOL BOARD OF
SHENANDOAH COUNTY,

Defendant.

---

**DEFENDANT'S MOTION TO STAY INJUNCTION PENDING APPEAL**

---

Defendant County School Board of Shenandoah County ("School Board"), by counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 62(d) to stay enforcement of the permanent injunction entered on August 6, 2026 (ECF No. 286) pending the School Board's appeal to the United States Court of Appeals for the Fourth Circuit. In support of this motion, the School Board states as follows:

## INTRODUCTION

On August 6, 2026, this Court entered a permanent injunction ordering the County School Board of Shenandoah County ("School Board") to remove the names "Stonewall Jackson" and "Ashby-Lee" from its schools and to adopt new names "on a racially nondiscriminatory basis with all deliberate speed." Order at 7, ECF No. 286. The School Board has noticed its appeal to the United States Court of Appeals for the Fourth Circuit and the Fourth Circuit has ordered the School

Board to file its opening brief by October 18, 2026. The School Board respectfully moves this Court to stay enforcement of the permanent injunction pending resolution of that appeal.

The School Board is not asking the Court to change its mind on the key issues in this case or revisit any of its rulings. Rather, it is asking the Court to recognize that compliance with its injunction would impose substantial costs and that the Fourth Circuit should be given an opportunity to analyze the novel issues of this case before the Court mandates that Defendant implement changes to the names of the schools. As the Court recognized in its opinions, this case presents issues of first impression, Mem. Op. at 132, ECF No. 285, in a unique factual context, *id.* at 1–2. The Court need not overrule itself to recognize that equity and judicial economy counsel in favor of staying the injunction so that the Fourth Circuit can speak on these important and unsettled questions.

The School Board has committed to mediation and is prepared to begin the process of selecting school names. Those efforts will continue regardless of whether this Court grants the requested stay. A stay would ensure that the School Board is not forced to expend substantial public funds to implement name changes before the Fourth Circuit has had an opportunity to address the novel legal questions this case presents—questions that, if resolved in the School Board's favor, would render those expenditures unnecessary and potentially subject to reversal. Without a stay, the School Board may be forced to submit an appropriations request for a name change, expend taxpayer dollars on all the associated work, and then, if it prevails on appeal, submit a second appropriations request to undo all of the taxpayer-funded work it undertook to comply with the injunction. Such a result would be inefficient, would irreparably harm the School Board, and would not serve the public interest, especially when the Court could issue a temporary stay pending resolution of the appeal.

## LEGAL STANDARD

A stay of an injunction pending appeal is governed by the four-factor test set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The Court considers: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). These factors are balanced on a sliding scale: "a stronger showing of one factor may offset a weaker showing of another." *Ohio Valley Envtl. Coal., Inc. v. U.S. Army Corps of Eng'rs*, 890 F. Supp. 2d 688, 691–92 (S.D.W. Va. 2012).

Critically, "[t]he likelihood-of-success standard does not mean that the trial court needs to change its mind or develop serious doubts concerning the correctness of its decision in order to grant a stay pending appeal." *Goldstein v. Miller*, 488 F. Supp. 156, 172 (D. Md. 1980). A stay may be appropriate "where the appeal raises serious and difficult questions in an area where the law is somewhat unclear." *Id.*; *see also St. Agnes Hosp., Inc. v. Riddick*, 751 F. Supp. 75, 76 (D. Md. 1990) (same).

## ARGUMENT

### I. In Light of the Novel Issues Involved, There Is a Sufficient Likelihood of Success to Justify a Stay.

The School Board has a sufficient likelihood of success to warrant a stay because this case concerns weighty legal issues of first impression. To satisfy the first factor in the stay analysis, the School Board need not convince the Court it is likely to succeed in overturning the Court's opinion. Instead, the standard only requires that the appeal concern serious and difficult questions of law. "[T]he Court need not change its mind as to the correctness of its prior ruling; it need merely

determine whether the Defendant's appeal presents an admittedly difficult legal question." *Maryland v. United States Dep't of Agric.*, 777 F. Supp. 3d 496, 500 (D. Md. 2025) (internal quotation omitted). The key question is whether the appeal presents "serious and difficult questions" on which reasonable jurists could differ. *Goldstein*, 488 F. Supp. at 172. For this reason, a lack of clear circuit precedent weighs in favor of a stay pending appeal. *See United States v. Fourteen Various Firearms*, 897 F. Supp. 271, 273 (E.D. Va. 1995) ("The issue on appeal in this case is one of first impression in this circuit. This factor weighs in favor of granting a stay because clear precedent from the Court of Appeals does not dictate the outcome of the substantive issue decided by this court.").

This case concerns novel and important issues of law that counsel strongly in favor of a stay pending appeal. As the Court recognized, "[w]hether the School Board's decision to restore segregation-era Confederate school names violates the EEOA is a question of first impression." Mem. Op. at 132, ECF No. 285. It further recognized that the Fourth Circuit has yet to establish a test for the compulsion element of a compelled speech claim. *See* Mem. Op. at 60, ECF No. 171. These unsettled questions of law arise in a factual context that makes a stay even more advisable. As the Court acknowledged, this dispute arises in a "unique" context, Mem. Op. at 38, 48, 70, ECF No. 171; Mem. Op. at 2, 137, ECF No. 285, and the controlling analysis relies on "idiosyncratic facts." Mem. Op. at 140, ECF No. 285.

The unsettled questions in this case are serious constitutional questions of free-speech rights, regional and national history, and the legacy of slavery. Moreover, institutions across the State of Virginia and the entire nation are named after slaveholders or supporters of the Confederacy. Whichever way the Fourth Circuit rules, it will have serious repercussions for

thousands of institutions and students. The weight of these issues counsels measured action as the courts have their say. Here, that means a modest stay.

## II. The School Board Will Suffer Irreparable Harm Absent a Stay.

The School Board will be irreparably harmed absent a stay because compliance with the injunction will require substantial unbudgeted expenditures that cannot be unilaterally authorized by the School Board and that, once made, cannot be recovered. Under Virginia law, the School Board has no independent authority to spend, tax, or borrow. *See* Va. Code §§ 15.2-2506; 22.1-89; 22.1-91. Instead, the School Board must prepare a budget and submit it to the local appropriating body—here, the Shenandoah County Board of Supervisors. *See* Va. Code §§ 22.1-94; 22.1-89. The Board of Supervisors determines the total amount of funding, and the School Board faces strict limitations on using funds for purposes other than the one for which they were authorized. *See* Va. Code § 22.1-91.

This statutory framework means that the School Board cannot simply take any action that may be needed to comply with the injunction on its own when there is a need for appropriation. The Shenandoah County Board of Supervisors is not a party to this litigation and is not bound by the Court's injunction. Therefore, before the School Board can expend any funds to comply with the Court's injunction, it must request that the Board of Supervisors appropriate additional funds, and the Board of Supervisors must then agree to provide them.

If the School Board initiates this cumbersome funding process, secures the appropriation, and expends the funds to change the school names only to prevail on appeal, the resulting harm would be irreparable. Taxpayer dollars spent on a name change that is subsequently reversed cannot be recouped and the disruption to the school system's budgeting process cannot be undone. Beyond the fiscal harms, the community would endure the confusion and expense of yet another

name change. These potential harms can be entirely avoided by staying the injunction pending appeal.

**III. A Stay Will Not Substantially Injure Plaintiffs.**

A stay would maintain the status quo while the Fourth Circuit considers the appeal. The current school names have been in place since 2024, and a temporary stay to permit orderly appellate review would not materially alter Plaintiffs' position during that period.

A temporary stay of limited duration would not materially alter Plaintiffs' position while the Fourth Circuit resolves the serious legal questions this case presents, particularly where the School Board has committed to mediation. Any stay would be of limited duration as the appeal is already proceeding toward disposition. Moreover, the School Board has committed to mediation and undertaking a process aimed at selecting new names. Those efforts will continue regardless of whether a stay is entered. This Court itself recognized that "options remain which the parties should explore to bind up these wounds in the best interests of the Shenandoah County community as a whole," and expressed hope that "the parties will renew consideration of a mutually agreeable solution by further attempts at mediation." Order at 7, ECF No. 286. A stay would facilitate, not hinder, those efforts by removing the pressure of imminent compliance deadlines and allowing the parties to focus on reaching a community-driven resolution.

**IV. The Public Interest Favors a Stay.**

The public interest weighs in favor of a stay because a stay will prevent the possibility of changing the schools' names twice, which would be wasteful and difficult for the community. The public has a strong interest in the prudent use of taxpayer funds. *See, e.g., Benjamin H. v. Ohl*, No. CIV.A. 3:99-0338, 1999 WL 34783552, at *16 (S.D.W. Va. July 15, 1999) ("The public interest is certainly served by careful stewardship of tax dollars."); *Wilson v. Thomas*, No. 5:14-CV-85-

BO, 2014 WL 7405462, at *3 (E.D.N.C. Dec. 23, 2014) ("the public interest clearly lies with maintaining the setting that not only fulfills the important goals of the ADA but does so by spending less of the public's tax dollars."). If the School Board is successful on appeal, it is possible that it will have to undertake the entire appropriations process *twice*, expending the full amount of taxpayer dollars associated with a name change each time. A stay is therefore strongly in the public interest.

Here, the public also has an interest in avoiding unnecessary disruption to the Shenandoah County school system. Two successive name changes would be difficult for students and the community. As the Court well knows, there are strong feelings on both sides of this issue in the Shenandoah County community. It is in the interest of the community to change the schools' names once, finally. A stay would not obstruct the ultimate resolution of this case. Of course, if the Fourth Circuit affirms, the School Board will promptly comply with the injunction. But if the Fourth Circuit reverses, a stay will spare the public the cost and confusion of an unnecessary name change. Either way, the public interest is served by allowing the appellate process to proceed before enforcement.

## CONCLUSION

For the foregoing reasons, the School Board respectfully requests that this Court stay enforcement of the permanent injunction entered on August 6, 2026, pending disposition of the School Board's appeal to the United States Court of Appeals for the Fourth Circuit.

Date: September 25, 2026

Respectfully submitted,

*/s/ Jared R. Butcher*
Jared R. Butcher
Butcher PLLC
1750 Tysons Blvd Ste 1500
Tysons VA 22102
(571) 287-0103
jared@butcherpllc.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to all counsel of record.

Date: September 25, 2026

/*s/ Jared R. Butcher*
Jared R. Butcher
Butcher PLLC
1750 Tysons Blvd Ste 1500
Tysons VA 22102
(571) 287-0103
jared@butcherpllc.com
Counsel for Defendant