IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 30, 2026
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

VIRGINIA STATE CONFERENCE NAACP, et al.,

Plaintiffs,

v.

COUNTY SCHOOL BOARD OF SHENANDOAH COUNTY,

Defendant.

Case No. 5:24-cv-00040

By: Michael F. Urbanski
Senior United States District Judge

## ORDER

This matter is before the court on defendant County School Board of Shenandoah County's ("School Board") motion to stay enforcement of the permanent injunction pending the School Board's appeal to the United States Court of Appeals for the Fourth Circuit. ECF No. 308.

There are four factors relevant to the issuance of a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The first two factors are "the most critical." Nken v. Holder, 556 U.S. 418, 434 (2009). The party seeking a stay carries the burden of demonstrating that these factors justify a stay. Dep't of Educ. v. Louisiana, 603 U.S. 866, 868 (2024).

On August 6, 2026, the court entered a permanent injunction ordering the School Board to remove the names "Stonewall Jackson" and "Ashby-Lee" from its schools and to adopt new names "on a racially nondiscriminatory basis with all deliberate speed." Order, ECF No. 286, at 7. The School Board noticed its appeal to the Fourth Circuit and asks this court to stay enforcement of the permanent injunction pending resolution of that appeal.

In the School Board's view, "[a] stay would ensure that the School Board is not forced to expend substantial public funds to implement name changes before the Fourth Circuit has had an opportunity to address the novel legal questions this case presents." ECF No. 308, at 2. If the School Board prevails on appeal, it "would render those expenditures unnecessary" and would require duplicate spending—once to comply with the injunction, and again to "undo all of the taxpayer-funded work it undertook to comply with the injunction." Id.

The court is not persuaded by the request to stay enforcement of the injunction for two principal reasons.

First, since September 9, 2025, more than a year ago, the School Board has been aware of the court's ruling that the School Board violated plaintiffs' First Amendment rights against compelled speech by reinstating the name "Stonewall Jackson High School." Mem. Op., ECF No. 171. The School Board has had plenty of time over the course of the last year to select school names that do not violate the United States Constitution.

Second, the deprivation of constitutional rights calls for prompt rectification. "The basic guarantees of our Constitution are warrants for the here and now and, unless there is an overwhelmingly compelling reason, they are to be promptly fulfilled." Watson v. City of Memphis, 373 U.S. 526, 533 (1963).

Moreover, application of the factors under the prevailing legal standard do not support a stay. While the School Board argues that this case presents novel issues, in the court's view, the constitutional violations are clear. As such, the School Board's position falls far short of establishing a likelihood of success on the merits. Next, there are no facts to suggest irreparable injury to the School Board absent a stay. Indeed, after the School Board voted to restore the Confederate school names in 2024, the names were quickly swapped out by private contractors, paid for by the Coalition for Better Schools. Mem. Op., ECF No. 285, at 90. While the court was willing to give the School Board "a reasonable opportunity to remedy the constitutional and statutory violations" set forth in its memorandum opinion, Order, ECF No. 289, at 4, nearly two months have passed without demonstrable evidence of any compliance with the court's order. The constitutional rights of the plaintiffs are fundamental, and weighed against speculative assertions of injury, must be respected. Finally, the public has an abiding interest in remedying constitutional violations.

Accordingly, the School Board's motion to stay the injunction pending appeal is **DENIED**.

It is so **ORDERED**.

Entered: September 30, 2026

Michael F. Urbanski
Senior United States District Judge